**McDONALD, Appellant,**

v.

**BERRY, Appellee.**

[Cite as *McDonald v. Berry* (1992), 84 Ohio App.3d 6.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61359.

Decided Nov. 23, 1992.

*Vicki Lynn Ward,* for appellant James McDonald.

*Jerome Silver & Assoc.,* for appellee Edith Berry.

DYKE, Presiding Judge.

This appeal is taken from the trial court's grant of appellee's motion for default judgment against the appellant. Appellant filed the first of two complaints against the appellee on June 21, 1988.

Appellee filed her corresponding answer and counterclaim on July 11, 1988. On April 25, 1989, appellee filed a third-party indemnification complaint in the event that appellee lost to appellant. The third-party complaint was disposed of January 16, 1991 when the trial court found it rendered moot by the disposition of the major claims in the case in favor of appellee.

Numerous motions were filed and pretrials had. Most pertinent to this appeal are those dealing with appellee's counterclaim against the appellant. A second complaint alleging essentially the same claims against appellee was filed on September 6, 1989 by the appellant. The trial court dismissed appellant's first complaint for want of prosecution, without prejudice, on October 4, 1989. A motion to consolidate the two cases was granted on October 23, 1989. At that point in time, the trial court had before it appellee's counterclaim and third-party complaint and appellant's new complaint.

On December 28, 1989, appellee moved for default judgment against appellant, which was properly served. January 9, 1990, appellant filed a motion for leave to answer appellee's counterclaim, claiming that it was "merely oversight" that it was not answered previously in writing. The trial court filed an entry January 16, 1991, *nunc pro tunc* to January 9, 1990, allowing appellant leave to file his answer instanter, eighteen months after appellee had filed her counterclaim.

On November 19, 1990, the trial court held a hearing on appellee's motion for default judgment against appellant. The trial court subsequently dismissed appellant's second complaint as moot, December 24, 1990, pursuant to the court's action on appellee's motion for default. On January 16, 1991, the trial court granted appellee's motion for default judgment against appellant and assessed sanctions against appellant's attorney for engaging "in tactics which have had the effect of delaying and otherwise prolonging this litigation * * *, pursuant to Civ.R. 11." On that same day the third-party complaint was also disposed of as moot.

Appellant asserts two assignments of error.

# I

"The trial court committed error prejudicial to the plaintiff and plaintiff's attorney when it entered judgment against plaintiff's attorney pursuant to Ohio Civil Rule 11."

Appellant argues that the trial court has rendered judgment against his attorney in error because his pleading was not "interposed for delay." He also asserts that the true basis for the trial court's assessment of sanctions was because appellant's counsel failed to appear for a pretrial which would not violate Civ.R. 11 because the rule relates only to pleadings.

First, at no point in the record of proceedings below does the asserted basis for the sanctions of a missed pretrial appear. The journal entry cites tactics which delayed the proceedings. With nothing to support it, appellant's argument is obviously not well taken.

■ Second, we find that the record contains sufficient evidence to prove that appellant's attorney signed a pleading which he willfully interposed for the purpose of delay. Cf. *Haubeil & Sons Asphalt & Materials, Inc. v. Brewer & Brewer Sons, Inc.* (1989), 57 Ohio App.3d 22, 565 N.E.2d 1278. Civ.R. 11 reads in pertinent part:

" * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney may be subjected to appropriate action."

The appellant's purpose in filing the second pleading is unclear. The second pleading asserted the same allegations as appellant's first complaint, which was dismissed nearly a month after the second complaint was filed. Appellant's failure to adequately respond to appellee's counterclaim for eighteen months is further support for the trial court's finding that the attorney's tactics were used to delay and prolong the proceedings. The court's assessment of sanctions was justified pursuant to Civ.R. 11.

The Ohio Supreme Court has held that "[t]he decision to impose sanctions pursuant to Civ.R. 11 lies within the discretion of the trial court. Absent an abuse of discretion, such decision will not be reversed." *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 447, 505 N.E.2d 966, 966. We find no abuse of discretion on the part of the trial judge in assessing the sanctions where there is evidence to support the decision. Accordingly, appellant's first assignment of error is overruled.

## II

"The trial court committed prejudicial error in granting appellee defendant's motion for default judgment against appellant-plaintiff."

Appellant argues that he vigorously defended himself against the counterclaim, filed July 11, 1988. This argument lacks merit. A vigorous defense would not flagrantly disregard the Ohio Rules of Civil Procedure by filing an answer seventeen months too late without even a hint of a showing of excusable neglect.

■ Although not argued by appellee, the law in Ohio requires a showing of excusable neglect on a motion to the court before a party is allowed to file an answer after its time to answer has expired. Civ.R. 6(B)(2) and *Miller v. Lint* (1980), 62 Ohio St.2d 209, 16 O.O.3d 244, 404 N.E.2d 752. Civ.R. 12(A)(1) requires a defendant to "serve his answer within twenty-eight days after service of the summons and complaint upon him * * *."

The issue in cases such as this has been framed by the Ohio Supreme Court to determine "whether the trial court abused its discretion in allowing the defendant to file her [or his] answer beyond the rule date without regard to the requirements of the Ohio Rules of Civil Procedure." *Miller v. Lint, supra,* at 213–214, 16 O.O.3d at 247, 404 N.E.2d at 754–755.

The defendant in *Miller* filed her answer just after the plaintiffs had filed a motion for default judgment, thirty-six days after the expiration of the answer date. She also neglected to attach a certificate of service to the answer and simply wrote across the top of the answer "Leave to File." The trial court granted her leave to file the answer.

■  When appellant in this case requested leave to file his answer in January 1990 to the counterclaim served upon him in July 1988, he stated that it was a "mere oversight" that a written answer had not previously been filed.

The court in *Miller* stated that:

"[S]ome showing of 'excusable neglect' was a necessary prelude to the filing of the answer. Furthermore, the failure of defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits." *Id.,* 62 Ohio St.2d at 214, 16 O.O.3d at 247, 404 N.E.2d at 755.

In this instance, it was an abuse of discretion for the trial court to grant appellant leave to file his answer without a showing of excusable neglect and when he failed to comply even substantially with the Civil Rules by filing such a delayed answer.

■  The trial court granted appellee's motion for default judgment pursuant to Civ.R. 55(A), which rule states:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *."

In this case appellant was required to plead or otherwise defend against appellee's counterclaim. Failure to file his answer in accordance with the Civil Rules was a failure to plead or otherwise defend. As the court in *Miller* held, failure to comply with the Civil Rules can subject appellant to a motion for default judgment. Appellant's second assignment of error is overruled.

The trial court's decision to grant appellee's motion for default judgment against appellant is affirmed.

*Judgment affirmed.*

JAMES D. SWEENEY and BLACKMON, JJ., concur.