JOURNAL ENTRY AND OPINION
Appellant, Wayne Smith, is appealing the trial court's entry of judgment upon a jury verdict in favor of appellee, Revco Pharmacy. Mr. Smith also appeals the order granting Revco's motion in limine to exclude evidence of former employee Luther Perry's criminal record and the trial court's failure to enter a default judgment against Mr. Perry. For the following reasons, we affirm.
The record presented to us on appeal reveals the following. On November 10, 1997, an armed robbery occurred at a Revco Drug Store located at 25991 Euclid Avenue in Euclid, Ohio. After the robbery, the police were notified and the employees questioned. Subsequently, the police apprehended Mr. Smith as a possible suspect based upon the description given to them by the employees. Mr. Smith was brought to the store for purposes of identification where the employees positively identified him. Mr. Smith was then arrested for the crime.
On December 23, 1997, Mr. Smith was indicted by the Cuyahoga County Court of Common Pleas Grand Jury on four counts of aggravated robbery and four counts of kidnapping with a firearm specification.
On February 27, 1998, Mr. Smith was found not guilty of the charges against him.
On May 14, 1999, Mr. Smith filed a civil suit against Revco and one of its former employees, Mr. Perry, personally and as representative/employee of Revco, alleging conspiracy, malicious prosecution, negligent hiring, and defamation. As to the allegations of negligent hiring and negligent supervision, Mr. Smith alleged that the robbery was an inside job involving Mr. Perry and that Revco negligently hired and supervised Mr. Perry. Mr. Perry failed to file an answer to the complaint.
On February 22, 2000, Revco filed a motion in limine to exclude any reference to Mr. Perry's criminal background or alleged involvement in the Revco robbery.
On April 3, 2000, trial on the matter commenced. Before trial, the judge heard arguments in chambers concerning the motion in limine. The motion in limine was granted. The jury later returned a verdict for Revco on all counts.
On April 12, 2000, Mr. Smith filed a motion for judgment notwithstanding the verdict and/or a motion for new trial alleging an error of law occurred at trial when the trial court failed to allow evidence of Mr. Perry's criminal background or alleged involvement in the Revco robbery. On April 24, 2000, this motion was overruled.
Mr. Smith now appeals this decision raising three assignments of error. We will address Assignment of Error I and III together as they both address the issue of the admissibility of evidence.
 I. THAT THE VISITING JUDGE, JUDGE JOHN L. ANGELOTTA ERRED IN GRANTING DEFENDANT'S MOTION IN LIMINE FILED FEBRUARY 22, 2000 AND HEARD BY THE COURT AT TRIAL IN ORAL ARGUMENT ON MONDAY, APRIL 3, 2000 AND GRANTED BY THE TRIAL COURT WITHOUT ISSUANCE OF JUDGMENT ENTRY WAS IN ERROR.
 III. THAT THE TRIAL COURT ERRED IN FAILING TO GRANT THE PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND/OR IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR A NEW TRIAL.
In both of these assignments of error, Mr. Smith challenges the trial court's evidentiary rulings on the admissibility of evidence of Mr. Perry's criminal background or alleged involvement in the robbery. Revco maintains that the trial court did not abuse its discretion in excluding such evidence and, regardless, Mr. Smith's failure to file a trial transcript precludes him from raising such as errors.
A trial court's decision to exclude evidence is not grounds for reversal unless the record clearly demonstrates that the trial court abused its discretion and that the complaining party has suffered a material prejudice. Columbus v. Taylor (1988), 39 Ohio St.3d 162, 164. An abuse of discretion connotes more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Tracy v. Merrell-Dow Pharmaceuticals, Inc. (1991),58 Ohio St.3d 147, 152.
A motion in limine is a preliminary ruling. Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96, 108; Defiance v. Kretz (1991), 60 Ohio St.3d 1, 4. Thus, the trial court is free to change its ruling on the disputed evidence in its actual context at trial. Id. Accordingly, a proper objection must be raised at trial to preserve any claimed error. Collins v. Storer Communications, Inc. (1989),65 Ohio App.3d 443; State v. Grubb (1986), 28 Ohio St.3d 199. Specifically:
 [A] proponent who has been temporarily restricted from introducing evidence by virtue of a motion in limine, must seek the introduction of the evidence by proffer or otherwise at trial in order to enable the court to make a final determination as to its admissibilityand to preserve any objection on the record for purposes of appeal.
Id.
Here, Mr. Smith did not file the entire trial transcript. Instead, he filed a partial transcript that included only the motion in limine proceedings. Without a copy of the transcript of the trial proceedings, we have no way of identifying any attempt by Mr. Smith to proffer evidence of Mr. Perry's criminal records at trial. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Without a proffer, Mr. Smith did not preserve any error for purposes of appeal. Id.
The duty to provide the transcript of the proceedings or an allowable alternative to the transcript falls on Mr. Smith because he bears the burden of demonstrating the claimed errors by reference to matters in the record. Columbus v. Hodge (1987), 37 Ohio App.3d 68. Mr. Smith's failure to file the entire transcript forecloses our ability to determine whether prejudice resulted from the exclusion of the evidence concerning Mr. Perry's criminal background. Holley v. Higgins (1993), 86 Ohio App.3d 240; Austin v. Squire (1997), 118 Ohio App.3d 35; Knapp v. Edwards Laboratories (1980) 61 Ohio St.2d 197. Moreover, without a transcript, Mr. Smith is unable to demonstrate that the decision of the trial court was arbitrary, unreasonable, or capricious.
It is the duty of Mr. Smith to properly perfect his appeal. Id. Having failed to do so, we must presume the validity of the trial court and affirm the judgment of the trial court.
 II. THAT THE TRIAL COURT ERRED IN FAILING TO GRANT THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT, LUTHER PERRY (PERSONALLY AND AS REPRESENTATIVE/EMPLOYEE REVCO DRUG STORES).
In his second assignment of error, Mr. Smith argues that the trial court should have granted him default judgment against Mr. Perry since service was effected and Mr. Perry failed to answer. Revco maintains that Mr. Smith never established that service was effected on Mr. Perry; or, in the alternative, that even if service was effected against Mr. Perry, any finding of default judgment against him would not create vicarious liability on Revco.
Civ.R. 55(A) allows for a plaintiff to file a motion for default judgment when the defendant has failed to plead or otherwise defend. Where a defendant fails to plead or otherwise defend, the defendant is subject to a default judgment. McDonald v. Berry (1992), 84 Ohio App.3d 6,9-10; Farmers Merchants State Savings Bank v. Raymond G. Barr Enterprises, Inc. (1982), 6 Ohio App.3d 43, 44. A trial court's ruling on a motion for default judgment will not be reversed absent an abuse of discretion. Davis v. Immediate Med. Serv., Inc. (1997), 80 Ohio St.3d 10; Miller v. Lint (1980), 62 Ohio St.2d 209; Huffer v. Cicero (1995),107 Ohio App.3d 65, 74.
Here, Mr. Smith filed a complaint against Mr. Perry, personally and as representative/employee of Revco, on May 14, 1999. On May 25, 1999, the clerk of courts served Mr. Perry with a copy of Mr. Smith's complaint by certified mail. The certified mail receipt was returned to the clerk of courts on May 26, 1999 and signed by "other." On September 21, 1999, Mr. Smith moved for default judgment against Mr. Perry after he failed to file an answer. On October 4, 1999, the trial court set the matter for a default hearing and ordered Mr. Smith to provide the court with proof of service, an affidavit of damages, a proposed journal entry, and a copy of the letter sent to Mr. Perry by regular and certified mail notifying him of the default hearing. See Civ. J. Vol. 2386, P. 285. Mr. Smith failed to comply with this order. Subsequently, on December 27, 1999, the motion for default judgment was denied by the court.
We find that the trial court did not abuse its discretion in denying Mr. Smith's motion for default judgment against Mr. Perry. Although Mr. Perry was properly served with a copy of the complaint, and failed to plead or otherwise defend against Mr. Smith's claims, Mr. Smith failed to comply with the court's order of October 4, 1999. Specifically, he did not provide the court with proof of service, an affidavit of damages, a proposed journal entry, or a copy of the letter sent to Mr. Perry by regular and certified mail notifying him of the default hearing. Indeed, the court docket indicates that postcards sent to Mr. Perry on January 11, 2000 and May 1, 2000 were returned by the United States Postal Service suggesting that service of the motion for default judgment was never effected. Accordingly, the trial court did not err in denying Mr. Smith's motion for default judgment against Mr. Perry and the second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ JAMES J. SWEENEY, J.