OPINION JOURNAL ENTRY
On December 12, 2001 this Court reversed the judgment of the Jefferson County Court of Common Pleas which had found Appellants liable in tort for interfering with Appellees' easements. One basis of our ruling is grounded in the error committed by the trial court in failing to afford Appellants a trial by jury as demanded in an answer to a second amended complaint. In applying the law of the case doctrine, this Court found a violation of such doctrine when the trial court, after the matter had once been through the appeals process and it had been determined that default judgment was improper, then decided that the answer filed by Appellants (containing a jury demand) was struck as being untimely filed. Moreover, this Court, in finding such action to be arbitrary and unfair, also found that the record was devoid of any journal entry memorializing the ruling that the answer was untimely. In addition, the trial court neglected to journalize the Appellees' withdrawal of its own jury demand. Established case law clearly requires a written entry. Schenleyv. Kauth (1953), 160 Ohio St. 109. See Snouffer v. Snouffer (1993),87 Ohio App.3d 89 and Howard v. Wills (1991), 77 Ohio App.3d 133, 140. A court speaks only through its journal and not by oral pronouncement.Bittmann v. Bittmann (1934), 129 Ohio St. 123, 127.
On December 17, 2001, Appellees filed a motion for reconsideration of such judgment. On the following day they filed a motion to certify this Court's judgment as being in conflict with the decision announced inHuffer v. Cicero (1995), 107 Ohio App.3d 65 . Thereafter, on December 28, 2001, Appellants filed a pro-se motion for this Court to reconsider and proceed to final judgment on the additional issues of preponderance of evidence and alleged perjury by the Appellees. We will discuss these motions individually.
 Appellants' December 28, 2001 Motion for Reconsideration
Appellants contend that Appellees failed to present any evidence of wrongdoing on the part of the Appellants. The relief being sought is judgment in their favor. Such relief is beyond the province of this Court, as the matter has been remanded to the trial court for a trial by jury. Appellants enjoy every legal right to present a defense to every claim in the complaint and present their argument on the sufficiency or weight of the evidence to the trial court or the jury. This Court has fulfilled its constitutional duty to afford due process to the litigants by ordering that this cause be remanded for the reasons expressed in this Court's opinion. The remainder of Appellants' motion is completely disregarded as an unfounded and a totally improper comment attacking the integrity, not only of the individual trial court judge, but also the system of jurisprudence by which we are governed. The inflammatory suggestion of judicial misconduct is totally unwarranted. Appellants' motion for reconsideration is denied. Appellants will be afforded their day in court at the trial of this matter before a jury.
 Appellees' December 18, 2001 Motion to Certify a Conflict
The procedure for certifying a case for review to the Ohio Supreme Court on a claim of conflict is addressed in App.R. 25. That rule recites in pertinent part:
 "(A) A motion to certify under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is the later. The filing of a motion to certify a conflict does not extend the time for filing a notice of appeal. A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed."
Appellees assert that Huffer, supra, is in conflict with this Court's judgment. Appellees are in error for several reasons.
First, Huffer is factually distinguishable. That case involved a criminal defendant who filed a legal malpractice claim against his lawyer for failing to inform him of a plea agreement offered by the state. In addressing the lawyer's cross-assignment of error that he was entitled to a jury trial the Huffer court held at page 72:
 "In this case, appellee failed to file a timely answer to the complaint. Further, when appellee finally did submit an answer over six months later, appellee failed to first obtain leave of court and make a showing of `excusable neglect' as mandated by Civ.R. 6(B). See Civ.R. 6(B)(2); Miller v. Lint (1980), 62 Ohio St.2d 209, 16 O.O.3d 244, 404 N.E.2d 752; McDonald v. Berry (1992), 84 Ohio App.3d 6, 616 N.E.2d 248. Because appellee never filed a valid answer in this case, the trial court correctly found that appellee waived his right to a jury trial under Civ.R. 39(A)."
The issue was addressed in the first appeal, not a later appeal from a second adverse judgment, as was done in this case. In this case all parties and this Court, in the initial appeal, operated under a view that the answers filed by Appellants had been accepted by the trial court. There was never an assertion that the Appellants' answer with a jury demand was to be dismissed as untimely filed and without leave of court.
Furthermore, the court in this case violated the fundamental tenet that a court speaks only through its journal. As previously stated, oral pronouncements are not binding until reduced to a written judgment entry. Absent any entry striking the answers as untimely, the jury demand of Appellants, as well as the jury demand of Appellees, remained on record. Pursuant to Civ.R. 38 and 39, when one party has requested a trial by jury, a trial by jury must be granted unless both parties agree to try the action before the court. The legal doctrine of law of the case was applied to bind the lower court to its own prior decision. This Court, in resolving Appeal No. 97 JE 68, relied on indications on the record that the trial court had accepted the answers as validly filed, despite their apparent tardiness.
The motion to certify on the grounds of conflict is overruled on both a factual and legal basis.
 Appellees' December 17, 2001 Motion for Reconsideration
The standard to apply in determining whether an application for reconsideration has merit was established by the syllabus to Columbus v.Hodge (1987), 37 Ohio App.3d 68:
 "1. The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. (Matthews v. Matthews [1981], 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278, followed.)"
We now apply the test to this case.
Appellees assert that this Court made certain factual errors which warrant reconsideration of the decision. First, this Court opined that no party questioned the timeliness of Appellants' answers until February of 2000, (nearly five years after the original complaint was filed). Appellees assert that this Court specifically found in its earlier opinion that Appellants' failure to timely answer may have constituted the necessary justification for a default judgment.
A reading of this Court's prior opinion clearly evidences that the error which required reversal and remand was the failure to provide written notice to the Appellants that default may be entered, after they had appeared in the action. The determination that Appellants were entitled to such notice was the limited holding in the earlier appeal.
The attachments to Appellees' motion include a February 11, 2000, motion to strike the answers of defendants and a transcript of a February 23, 2000, hearing on the motion. Both of these events follow this Court's original opinion issued December 21, 1999, wherein the matter was remanded after reversal of the grant of default judgment. These attachments merely buttress this Court's finding that for nearly five years the trial court and the parties treated the case as if it had been properly answered. While the motion to strike is recorded as filed with the Clerk of Courts on February 11, 2000, the hearing transcript on the motion is not file-stamped nor part of the record on appeal which was considered by this Court. The motion to strike is not specifically identified as a motion to strike on the docket record.
In addition, while the clerk's docket record reflects that a motion with memorandum was filed on February 11, 2000, (Appellees' motion to strike the answers filed by Appellants as untimely) and Appellees have attached a time-stamped copy to their application for reconsideration, the original of such motion is not part of the physical file that was presented to this Court for review. That absence, and the failure to file the motion hearing transcript, explains this Court's statement that no specific motion was filed, nor did it appear there was ever a hearing on the request to strike. Appellees had every opportunity to review the record on appeal and supplement it with the hearing transcript, if they believed it was necessary or helpful to a resolution of the assigned errors in this appeal. Appellees failed to properly supplement the record.
Clarification of this particular issue does not affect the Court's holding that the trial court's failure to memorialize its ruling through a written judgment entry requires reversal and remand. Moreover, in striking the answers and jury demand immediately before trial, the trial court contravened the established law of the case and acted arbitrarily.
Appellees have failed to demonstrate an obvious material error in this Court's decision so as to warrant reconsideration. Accordingly, the motion for reconsideration filed by Appellees is overruled.
Having found no merit to either party's motion for reconsideration, or Appellees' motion to certify on the grounds of a conflict judgment withHuffer, supra, it is ordered that each motion is denied. This Court's decision of December 12, 2001, is reaffirmed.
Donofrio, J., concurs.
Vukovich, P.J., concurs.
Waite, J., concurs.