DECISION AND JUDGMENT ENTRY
{¶ 1} William E. Rowe, Jr. appeals the judgment of the Lawrence County Court of Common Pleas granting summary judgment to Marty Stillpass upon Rowe's complaint for attorney malpractice. Rowe contends that the trial court committed reversible error when it failed to acknowledge or hold a hearing upon his motion for a default judgment. Because we find that the trial court abused its discretion by ignoring Stillpass's failure to abide by the Civil Rules, effectively overruling Rowe's motion for a default judgment, and entertaining Stillpass's motion for summary judgment, we agree. Next, Rowe contends that the trial court abused its discretion by granting summary judgment to Stillpass without: (1) stating the applicable standard for reviewing a motion for summary judgment; (2) construing the evidence most strongly in his favor; and (3) giving its reasoning for granting the motion. Because we find that our resolution of the previous assignment of error renders this assignment of error moot, we decline to address it. Finally, Rowe contends that the trial court abused its discretion and erred to his prejudice when it ignored his motion to convey him from the Chillicothe Correctional Institute to the Lawrence County Court of Common Pleas to attend the initial pretrial hearing on July 21, 2005. Because we find that a prisoner has no absolute right to attend the trial of a civil action in which he is a party, and because the trial court could reasonably have found that the cost and inconvenience of transporting Rowe from prison to the hearing outweighed Rowe's interest in attending the pretrial proceeding, we disagree. Accordingly, we affirm the trial court's judgment in part, reverse it in part, and remand this cause for further proceedings consistent with this decision.
 I. {¶ 2} This dispute arises out of Stillpass's representation of Rowe in the context of a criminal matter before the Lawrence County Court of Common Pleas in Case No. 03-CR-118. While represented by Stillpass, Rowe entered a plea of guilty to: (1) Aggravated Burglary in violation of R.C. 2911.11(A)(1), a first degree felony; (2) Felonious Assault in violation of R.C.2903.11(A)(2); (3) Violating Protection Order or Consent Agreement in violation of R.C. 2919.27(A), a fifth degree felony; and (4) Criminal Damaging or Endangering in violation of R.C.2909.06(A)(1), a second degree misdemeanor.
 {¶ 3} The trial court found Rowe guilty of all four counts and sentenced him to four year prison terms for counts one and two; eleven months in prison for count three; and ninety days in the Lawrence County Jail for count four. The court ordered Rowe to serve the sentences concurrently with each other, and "concurrently with any sentence which may be imposed upon the Defendant in the State of West Virginia for a pending felony Driving Under the Influence charge, and the Defendant shall serve said sentences in the State of West Virginia." Further, the court specified: "If, however the Defendant herein should not be ordered to serve any jail time on the pending DUI charge, or if he should be released from incarceration by the West Virginia authorities prior to August 2, 2005, the Defendant is Ordered to be returned to the State of Ohio to serve all remaining time in the appropriate Ohio penitentiary."
 {¶ 4} The parties do not dispute that after his sentencing, Rowe was transferred to the Chillicothe Correctional Institute, where he remains. On April 7, 2005, Rowe filed a complaint alleging that Stillpass committed legal malpractice in handling his criminal case. In his complaint, Rowe alleged that pursuant to the terms of his plea agreement he was to serve the first fifteen months of his sentence in a West Virginia prison, and that he was to return to Ohio to serve the remainder of his sentence. Further, Rowe alleged that the plea agreement provided he was to serve only two years in prison, with the remaining two years suspended by judicial release as of August 5, 2005. However, Rowe alleged that despite the terms of his plea agreement, he was never transported to West Virginia to serve his sentence there and that he was denied the allegedly promised judicial release. Rowe alleged that Stillpass committed malpractice by conspiring with the judge and prosecutor to induce him to enter the plea agreement, knowing that the state did not intend to honor it.
 {¶ 5} The record reflects that the complaint was served upon Stillpass on April 14, 2005 by certified mail. On May 17, 2005, Rowe filed a motion for a default judgment, asserting that Stillpass failed to timely answer or otherwise defend the complaint. On May 18, the trial court issued a hearing notice setting the matter for an initial pretrial hearing on July 21, 2005. Thereafter, Rowe filed a motion to convey, requesting that the trial court issue an order to convey him from the Chillicothe Correctional Institute to the Lawrence County Court of Common Pleas to permit him to attend the initial pretrial hearing.
 {¶ 6} Stillpass filed his answer to the complaint on May 25, 2005.
 {¶ 7} The trial court did not rule upon Rowe's motion to convey. However, the trial court conducted the pretrial hearing, presumably in Rowe's absence. On August 1, 2005, the court issued a scheduling order setting forth discovery deadlines and setting the trial date. Stillpass later requested an extension of time to file a motion for summary judgment, which the trial court granted. Stillpass filed his motion for summary judgment on November 23, 2005, and Rowe submitted a memorandum contra the motion. The trial court conducted a hearing upon the motion, and issued a judgment entry granting Stillpass summary judgment on December 22, 2005. Although the trial court never ruled directly upon Rowe's motion for a default judgment, it effectively denied it by granting Stillpass's motion for summary judgment.
 {¶ 8} Rowe timely appeals, raising the following assignments of error: I. "THE TRIAL COURT ABUSES IT (sic) DISCRETION WHEN IT MAKES NO RULING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AND THE TRIAL COURT ERRORS (sic) WHEN IT DID NOT CONSTRUE ISSUES OF FACT MOST STRONGLY IF (sic) [APPELLANT] (sic) FAVOR AS REQUIRED BY CIVIL RULE 56(C)." II. "THE TRIAL COURT COMMITTED REVERSABLE ERROR WHEN IT FAILED TO ACKNOWLEDGE APPELLANT'S MOTION FOR DEFAULT JUDGEMENT OR TO HOLD A HEARING ON SAID MOTION." III. "THE TRAL COURT ERRORS (sic) WHEN IT DOES NOT ALLOW THE PLAINTIFF (WHO IS AN INCARCERATED INMATE) THE OPPORTUNITY TO DEFEND HIS CLAIM IN PERSON AT THE PRE-TRIAL HEARING AND DISMISSES HIS CLAIM UNDER CIVIL RULE 56(C)."
 II. {¶ 9} Because our resolution of Rowe's second assignment of error renders his first assignment of error moot, we shall address his assignments of error out of order. In his second assignment of error, Rowe contends that the trial court erred by ignoring his motion for a default judgment and in failing to conduct a hearing upon the motion before granting Stillpass's motion for summary judgment.
 {¶ 10} "A trial court's decision to either grant a default judgment in favor of the moving party, or allow the defending party to file a late answer pursuant to Civ.R. 6(B)(2) upon a finding of excusable neglect, will not be reversed absent an abuse of discretion." Huffer v. Cicero (1995),107 Ohio App.3d 65, 74, citing Miller v. Lint (1980), 62 Ohio St.2d 209 andMcDonald v. Berry (1992), 84 Ohio App.3d 6, 616 N.E.2d 248. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 11} Civil Rule 55 governs default judgments, and provides, in relevant part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." Civ.R. 55(A).
 {¶ 12} Civ.R. 12(A)(1) provides that "(t)he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him." Additionally, Civ.R. 6(B) authorizes the extension of the answer date beyond the twenty-eight day deadline specified in Civ.R. 12(A), providing, in relevant part: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." Thus, a court has discretion to grant an extension of time for cause shown, if a party requests the extension before the filing deadline passes. However, once the applicable filing deadline passes, the court only has the discretion to grant an extension upon motion and demonstration of excusable neglect.
 {¶ 13} Here, the record reflects that the complaint was served upon Stillpass on April 14, 2005. Consequently, Stillpass was required to file his answer or request an extension on or before May 12, 2005. The record reveals that Stillpass did not file his answer or request an extension of time before that deadline. While the rule does not specify that a request for an extension of time must be in writing, the Eleventh Appellate District has held that that such a "request" is not made of the trial court until the trial court has received that request and that request is filed in the record. B-Right Trucking Co. v.Warfab Field Machining and Erection Corp., Trumbull App. No. 2000-T-0072, 2001-Ohio-8724. Moreover, even if the rule were to permit a party to request an extension of time without filing the request, it is well-settled that a court of record speaks only through its journal. See, e.g., In re Adoption of Gibson
(1986), 23 Ohio St.3d 170, 173. Therefore, if the trial court granted an extension of time, the record would contain a journal entry reflecting that action. However, it does not. Hence, we conclude that the trial court did not grant Stillpass an extension of time to file his answer pursuant to Civ.R. 6(B)(1).
 {¶ 14} Because Stillpass failed to timely take any action to plead or otherwise defend against the action, Rowe filed his motion for entry of default on May 17, 2005. But, the court failed to act directly upon that motion. Stillpass filed his answer to the complaint on May 25, 2005 — one week after Rowe filed his motion for a default judgment. However, the record demonstrates that Stillpass failed to file a motion demonstrating excusable neglect and requesting leave of court to file his untimely answer in accordance with Civ.R. 6(B)(2).
 {¶ 15} The Ohio Supreme Court addressed a trial court's failure to address a motion for default under similar circumstances in Miller v. Lint, supra. There the court held: "While this court is in general agreement with the universal practice of allowing trial courts broad discretion in settling procedural matters, such discretion, as evidenced by Civ.R. 6(B), is not unlimited, and under the circumstances * * *, some showing of `excusable neglect' was a necessary prelude to the filing of the answer. Furthermore, the failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits." Miller at 214.
 {¶ 16} Additionally, in Davis v. Immediate Medical Services,Inc. (1997), 80 Ohio St.3d 10, the Court found that: "A defendant's right to force a plaintiff to prove his or her claim depends upon the defendant's compliance with the Civil Rules and the timely filing of an answer to the complaint. Otherwise, the sanctions for noncompliance would lose their deterrent effect." Id. at 15. While the Court recognized that it is generally preferable to hear a case upon its merits, it found that the rules of procedure must be applied consistently, and, therefore, a party's non-compliance with the rules could not be overlooked. Id.
 {¶ 17} The Rules of Civil Procedure apply to all cases regardless of their merit. Here, although the claims Rowe asserts in his complaint are of questionable merit, Stillpass failed to abide by the rules of procedure by timely filing either an answer to Rowe's complaint, or a request for an extension of time to do so. Therefore, Stillpass subjected himself to Rowe's motion for default. Stillpass continued to disregard the rules of procedure when he failed to move the court for leave to file his untimely answer on the ground of excusable neglect. Consequently, pursuant to the holdings in Miller and Davis, supra, we conclude that the trial court abused its discretion by ignoring Stillpass's disregard for the Civil Rules, overruling Rowe's motion for a default judgment, and entertaining Stillpass's motion for summary judgment.[1] Accordingly, we sustain Rowe's second assignment of error.
 III. {¶ 18} In his first assignment of error, Rowe contends that the trial court erred in granting Stillpass's motion for summary judgment because the court failed to follow the applicable standard for ruling on a motion for summary judgment as set forth in Civ.R. 56(C). Specifically, Rowe challenges the trial court's failure to: (1) state the applicable standard for ruling upon a motion for summary judgment; (2) construe the evidence most strongly in Rowe's favor; and (3) give its reasoning for granting Stillpass's motion for summary judgment. Additionally, Rowe challenges the weight and sufficiency of the affidavit Stillpass submitted in support of his motion.
 {¶ 19} We conclude that our resolution of Rowe's first assignment of error, in which we found that the trial court abused its discretion by entertaining Stillpass's motion for summary judgment when he failed to file an answer to the complaint in accordance with the Civil Rules, renders Rowe's second assignment of error moot. Accordingly, we do not address it.
 IV. {¶ 20} In his third assignment of error, Rowe contends that the trial court erred to his prejudice by impliedly denying his motion to convey him from the Chillicothe Correctional Institute to the initial pretrial hearing.
 {¶ 21} "A ruling on the request of an incarcerated criminal to prosecute a pro se civil action by requiring penal authorities to transport him to a preliminary hearing or trial rests within the sound discretion of the trial court." Mancino v. City ofLakewood (1987), 36 Ohio App.3d 219, 221, citing Holt v. Pitts
(C.A.6, 1980), 619 F.2d 558, 560-561. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore, supra. Moreover, this court has followed Mancino in recognizing that "`There is no support in the Constitution or in judicial precedent for the proposition that a prisoner has an absolute due process right to attend the trial of a civil action to which he is a party. Any such right must be balanced against the state's interest in avoiding the risks and expenses of transportation.'" Matter of Vandale (June 30, 1993), Washington App. No. 93CA31, quoting Mancino, supra. (Citations omitted.)
 {¶ 22} The Mancino court recognized that whether a prisoner should be permitted to attend a civil trial to personally argue his case depends upon the particular circumstances of each case.Mancino at 21. The court enumerated a number of criteria that a trial court should weigh in making that determination, including: "(1) whether the prisoner's request to be present at trial reflects something more than a desire to be temporarily freed from prison; (2) whether he is capable of conducting an intelligent and responsive argument; (3) the cost and convenience of transporting the prisoner from his place of incarceration to the courthouse; (4) any potential danger or security risk the prisoner's presence might pose; (5) the substantiality of the matter at issue; (6) the need for an early resolution of the matter; (7) the possibility and wisdom of delaying the trial until the prisoner is released; (8) the probability of success on the merits; and (9) the prisoner's interest in presenting his testimony in person rather than by deposition." Id. at 222. (Citations omitted.) The Eighth Appellate District has subsequently held that the Mancino decision does not require a court to assess these factors on the record when the record sufficiently shows the basis of the analysis. E.B. v. T.J.,
Cuyahoga App. No. 86399, 2006-Ohio-441, at ¶ 19, citing In reEstate of Dezso (January 18, 2001), Cuyahoga App No. 77903.
 {¶ 23} Here, because the matter Rowe sought to attend was only a pretrial hearing, the trial court could reasonably have found that the cost and inconvenience of transporting Rowe from the Chillicothe Correctional Institute to the Lawrence County Court of Common Pleas for such a proceeding outweighed any of the other relevant factors. Therefore, we cannot find that the court abused its discretion in impliedly overruling Rowe's motion to convey him to the pretrial hearing.
 V. {¶ 24} In conclusion, we sustain Rowe's second assignment of error, find that his first assignment of error is moot based upon our resolution of his second assignment of error, and overrule his third assignment of error. Accordingly, we affirm the trial court's decision in part, reverse it in part, and remand this cause for further proceedings consistent with this decision.
Judgment affirmed in part reversed in part, and causeremanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART AND THE CAUSE REMANDED, and that Appellee and Appellant share equally in the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J., Concur in Judgment and Opinion.
[1] Upon remand, the court may consider, if it so desires, a properly filed and supported Civ.R. 6(B) motion for leave to file an untimely answer on the ground of excusable neglect.