[Cite as *Lang v. Enervest Energy Institutional Fund XI A LP*, 2016-Ohio-4844.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

PATRICK LANG, ET AL., : Case No. 15CA24

    Plaintiffs-Appellants, :

v. :

                                DECISION AND

ENERVEST ENERGY INSTITUTIONAL   JUDGMENT ENTRY
FUND XI A LP, ET AL., :

    Defendants-Appellees. : RELEASED 06/29/2016

APPEARANCES:

Ethan Vessels, Fields, Dehmlow & Vessels, LLC, Marietta, Ohio, for plaintiffs-appellants Patrick and Amy Lang.

Michael D. Buell, Buell & Sipe Co., L.P.A., Marietta, Ohio, for defendants-appellees McAlester Fuel Company and McAlester Fuel Holding Co., Inc.

Hoover, J.

{¶1} Plaintiffs-appellants, Patrick and Amy Lang (hereinafter "appellants"), appeal several decisions and judgments of the Washington County Common Pleas Court in their action seeking to declare an oil and gas lease encumbering their property forfeited and void.

{¶2} Appellants first contend that the trial court erred by denying their motion for default judgment and by instead granting defendants-appellees, McAlester Fuel Company and McAlester Fuel Holding Co., Inc. (hereinafter "appellees"), leave to file a responsive pleading. Because we do not believe that the trial court abused its discretion in determining that excusable

neglect existed justifying the appellees' delayed response to the complaint, we disagree with appellants' first contention.

{¶3}    Appellants next contend that the trial court erred by granting the appellees' motion to dismiss the complaint. The trial court, after initially denying appellees' motion to dismiss the complaint, later revisited the motion upon the "presentment of evidence" and ultimately granted the motion to dismiss. Because a Civ.R. 12(B)(6) motion to dismiss may only be determined upon review of the complaint, and not upon the consideration of evidence, we find merit in this argument.

{¶4}    Finally, appellants contend that the trial court erred by denying their motion for summary judgment. However, because the trial court chose not to consider appellants' motion for summary judgment, as opposed to denying or granting the motion, we also decline to consider the motion.

{¶5}    Accordingly, the judgment of the trial court is affirmed in part, and reversed in part. The cause shall be remanded to the trial court for further proceedings.

**I. Facts and Procedural History**

{¶6}    Appellants own approximately 62 acres of real property located in Adams Township in Washington County, Ohio (hereinafter the "property"). The property is subject to an oil and gas lease entered April 19, 1978, between Frank and Ruth Lang as lessors and Eastern Gas Systems, Inc., as the lessee (hereinafter the "lease"). Appellants are the successors-in-interest to Frank and Ruth Lang and appellees are the successors-in-interest to the original lessee. The term of the lease is for "a primary term of One (1) years [sic] from May 10, 1978 and as long thereafter as operations for oil or gas are being conducted on the premises, or oil or gas is

found in paying quantities thereon, or any formation underlying the herein leased land is used for storage of gas provided under paragraph 7 hereof." The lease also expressly grants the lessee the right to unitize the property or portions thereof with other tracts of land to form a drilling unit or units.

{¶7}　Two wells were drilled on the property: the Frank and Ruth Lang # 1 Well (hereinafter the "# 1 Well") and the Frank and Ruth Lang # 2 Well (hereinafter the "# 2 Well"). Neither the # 1 Well nor the # 2 Well has produced oil or gas since 2001.

{¶8}　In 2001, 3.30 acres of the property were consolidated with other properties in Adams Township, Washington County, Ohio, to form a 40-acre drilling unit under a "Declaration of Consolidation" (hereinafter the "Consolidation"). The purpose of the Consolidation was to "develop and operate the lands [therein] described, [and] to consolidate to the extent [therein] described said lands into a single operating unit (the 'Consolidated Unit') for the purpose of development and production of oil and/or gas from all zones and formations available to the Lessee pursuant to the provisions of the Leases and the rights of the Lessee."

{¶9}　One well was drilled on the Consolidated Unit in 2001, the W Lang # 3-SE36 Well (hereinafter the "# 3 Well"). Although the # 3 Well is part of the Consolidated Unit, it is not located on the appellants' property. It is undisputed that the # 3 Well is currently producing oil or gas in paying quantities. No other wells have been drilled on the Consolidated Unit.

{¶10}　The appellants filed their complaint in this case on November 25, 2013. In count one of their complaint, the appellants alleged that the lease had expired under its own terms as to the 58.7 acres unencumbered by the Consolidation due to a lack of production of oil or gas. Appellants requested a judgment declaring the oil and gas lease forfeited and void as to those

58.7 unencumbered acres. In count two, the appellants claimed that the defendants had breached implied covenants, thus voiding the lease.

{¶11} The appellees were served with the complaint by certified mail on December 4, 2013.[1] However, the appellees failed to respond to the complaint, or otherwise notify the trial court of their intent to contest the case within the time prescribed by the Civil Rules of Procedure.

{¶12} On January 24, 2014, the appellants filed a motion for default judgment against the appellees. The appellees responded to the motion for default judgment by filing a combined motion in opposition to default, and motion for leave to file a responsive pleading. In their combined motion, supported by the affidavit of in-house counsel, the appellees alleged that they had retained Attorney Thomas Webster to represent them in the lawsuit. The appellees further claimed that Attorney Webster had told them that he had obtained from the appellants a two-week extension of time to file an answer. Thereafter, appellees' in-house counsel attempted to contact Attorney Webster several times for an update of the case status but to no avail. It was upon the filing of appellants' motion for default judgment that appellees hired new counsel, Attorney Michael D. Buell, to represent their interests in the lawsuit. Appellees claimed that the misunderstanding and lack of communication constituted mistake, inadvertence, and/or excusable neglect.

{¶13} The appellants filed a memorandum in opposition to the combined motion of appellees. In their memorandum in opposition, the appellants denied that their counsel had ever granted a filing extension; and even if they had, they argued that the appellees still failed to

---

[1] The complaint named several defendants in addition to the appellees. However, those additional defendants released any interest they may have had in the disputed portion of the property and were subsequently dismissed from the lawsuit.

timely respond by the extended date. They also argued that a lawyer's mistake is not "excusable neglect" warranting leave to respond under Civ.R. 6.

{¶14}  Appellees filed a reply memorandum in support of their motion for leave to file a responsive pleading. Attached to the reply memorandum was an affidavit from Attorney Webster. Through the affidavit, Attorney Webster averred that he agreed to represent the appellees in the lawsuit. He further averred that shortly after he received a copy of the summons and complaint he saw appellants' counsel in the courthouse and verbally requested "at least an additional two weeks" to investigate the matter and file a responsive pleading. Attorney Webster claimed to have received a verbal extension from opposing counsel at that time. He further averred that since he had been granted an extension, he believed that opposing counsel would contact him before proceeding on the matter pursuant to local custom.

{¶15}  In June 2014, the trial court denied appellants' motion for default judgment and granted appellees' motion for leave to file a responsive pleading. The trial court determined that appellees' actions constituted excusable neglect, citing the "local practice to 'informally' seek additional time to plead". The trial court also noted that the appellants would not be prejudiced by allowing appellees to respond because appellees sought to "reuse" defenses raised by the co-defendants prior to their dismissal from the case.

{¶16}  Thereafter, on June 11, 2014, the appellees filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). The appellees argued, through the motion, that dismissal of the complaint was required because oil or gas produced from the # 3 Well on the Consolidated Unit was sufficient to hold the lease on all of the appellants' property. Appellees also argued that the lease contained an express provision disclaiming all implied covenants. Conversely, in their memorandum in opposition, the appellants argued that the language of the lease required the

release of their property except for the 3.30 acres that were made part of the Consolidated Unit. The trial court denied the motion to dismiss by ruling filed August 20, 2014. However, the trial court held in its ruling that the motion was "subject to reconsideration upon presentment of evidence regarding production volume and royalty payments" from the # 3 Well. An entry denying the motion to dismiss was journalized on August 26, 2014.

{¶17}  Appellants ultimately moved for summary judgment; again arguing that the lack of production on the non-consolidated acreage causes the lease to expire under its own terms. The appellants also argued that the appellees had breached the implied covenant to develop the property, thus voiding the lease as to the non-consolidated acreage. In their memorandum in opposition to the summary judgment motion, the appellees renewed their argument that the production of oil or gas on the Consolidated Unit held the lease on all of the appellants' property. Attached to the memorandum in opposition was the affidavit of appellees' President and Chief Executive Officer, documenting for the first time the oil and gas production and royalty payments from the # 3 Well. Notably, the appellees did not file a cross-motion for summary judgment.

{¶18}  In its "Ruling on Motion for Summary Judgment", filed June 10, 2015, the trial court noted that it had chosen "to revisit the [appellees'] Motion to Dismiss" given the "production/royalty information" presented in appellees' opposition memorandum. The trial court then announced that it was granting appellees' motion to dismiss and declining to consider appellants' motion for summary judgment.[2] In a subsequent "Entry", filed on June 22, 2015, the trial court again stated it was granting appellees' motion to dismiss. However, in the Entry the trial court stated that appellants' motion for summary judgment was "denied".

_____

[2] Specifically, the ruling states that: "Defendant's Motion to Dismiss is GRANTED. As a result, the Court will not consider Plaintiffs' Motion for Summary Judgment * * *."

{¶19}  Following the journalization of the June 22, 2015 Entry, appellants filed a timely notice of appeal indicating their intent to appeal the trial court's judgments on the motion for default judgment/motion for leave to file a responsive pleading, motion to dismiss, and motion for summary judgment.

## II. Assignments of Error

{¶20}  Appellants assign the following errors for our review:

First Assignment of Error:

> The trial court erred in denying the Langs' Motion for Default Judgment.

Second Assignment of Error:

> The trial court erred in granting McAlester's Motion to Dismiss and denying the Langs' Motion for Summary Judgment.

## III. Law and Analysis

{¶21}  In their first assignment of error, appellants contend that the trial court erred by granting appellees' motion for leave to file their responsive pleading and by overruling their motion for default judgment. In particular, appellants argue that the appellees failed to prove that their failure to file a timely answer or to otherwise defend was due to excusable neglect.

{¶22}  "A trial court's decision to either grant a default judgment in favor of the moving party, or allow the defending party to file a late answer pursuant to Civ.R. 6(B)(2) upon a finding of excusable neglect, will not be reversed absent an abuse of discretion." *Huffer v. Cicero*, 107 Ohio App.3d 65, 74, 667 N.E.2d 1031 (4th Dist.1995), citing *Miller v. Lint*, 62 Ohio St.2d 209, 404 N.E.2d 752 (1980) and *McDonald v. Berry*, 84 Ohio App.3d 6, 616 N.E.2d 248 (8th

Dist.1992). Accordingly, we must uphold the trial court's decision so long as the trial court did not act unreasonably, unconscionably, or arbitrarily. *Lauer v. Positron Energy Resources, Inc.*, 4th Dist. Washington No. 13CA39, 2014-Ohio-4850, ¶ 9. Furthermore, in applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Id*.

{¶23} Civ.R. 55 governs default judgments, and provides, in relevant part, that when a party defending a claim has "failed to plead or otherwise defend", the court may, upon motion, enter a default judgment on behalf of the party asserting the claim. Civ.R. 55(A) and (C); *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 120, 502 N.E.2d 599 (1986).

{¶24} Civ.R. 12 and Civ.R. 6 are also applicable to this appeal. Civ.R. 12(A)(1) provides that "[t]he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him * * *." Civ.R. 12(B) provides that any Civ.R. 12(B) defense "shall be made [by motion] before pleading if a further pleading is permitted." Additionally, Civ.R. 6(B)(2) provides that if a party fails to act as required within the time specified, the court may, upon motion, "permit the act to be done where the failure to act was the result of excusable neglect * * *." Thus, once an applicable filing deadline passes, the court only has the discretion to grant an extension upon motion and demonstration of excusable neglect.

{¶25} The Ohio Supreme Court has reasoned that "the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 466, 650 N.E.2d 1343 (1995). "The determination of whether neglect was excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful that cases should be decided on their merits where possible, rather than on procedural grounds." *Duffy v. Nourse*

*Family of Dealerships-Chillicothe, Inc.*, 4th Dist. Ross No. 05CA2846, 2006-Ohio-2057, ¶ 11,

citing *Lindenschmidt* at 466. "Indicators of whether neglect was excusable in a particular

instance include whether the opposing party was prejudiced by the delay, the relative length of

the delay, and whether the opposing party filed its own materials in a timely matter." *Duffy* at ¶

11.

{¶26} Here, the trial court denied appellants' motion for default judgment based upon its

reasoning that appellees' had demonstrated excusable neglect in failing to timely file their

answer or to otherwise defend. Based on the following, we conclude that the trial court did not

abuse its discretion in reaching this decision.

{¶27} First, we note that appellants have not identified any prejudice suffered as a result

of the trial court granting appellees' motion for leave to file a responsive pleading. The very

defenses sought to be raised by appellees had already been raised by the co-defendants via a

motion to dismiss. While the trial court never reached a decision on the co-defendants' motion to

dismiss, in granting appellees' motion for leave to file a responsive pleading, the trial court

explicitly noted appellants' familiarity with the defenses. The appellees also filed their combined

motion in opposition to default, and motion for leave to file a responsive pleading within three

weeks of being served with appellants' motion for default judgment, and within three months of

the service of the complaint. We believe this is a relatively short delay. Furthermore, the trial

court noted that "cases should be decided on their merits as opposed to procedural grounds"; a

view that reflects the applicable law.

{¶28} As a final matter, we reiterate that our resolution of appellants' first assignment of

error turns upon the abuse of discretion standard of review. As the Tenth District Court of

Appeals succinctly stated in *McGee v. C & S Lounge*, 108 Ohio App.3d 656, 661, 671 N.E.2d 589 (10th Dist.1996):

> Discretion necessarily connotes a wide latitude of freedom of action on the part of the trial court, and a broad range of more or less tangible or quantifiable factors may enter into the trial court's determination. Simply put, two trial courts could reach opposite results on roughly similar facts and neither be guilty of an abuse of discretion.

While a different trial court or even certain members of this Court may have reached a different result, we cannot say that the trial court's decision constituted an abuse of its discretion. The trial court best understands local practices and customs; and it did not act unreasonably, unconscionably, or arbitrarily in assessing the actions of appellees and finding excusable neglect in light of those customs. Accordingly, we overrule appellants' first assignment of error.

{¶29}  In their second assignment of error, the appellants contend that the trial court erred by granting the appellees' motion to dismiss while simultaneously denying their motion for summary judgment.

{¶30}  A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A trial court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶31}   When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it must review

only the complaint, accepting all factual allegations contained in the complaint as true and

making all reasonable inferences in favor of the nonmoving party.  *State ex rel. Talwar v. State*

*Med. Bd. of Ohio,* 104 Ohio St.3d 290, 2004–Ohio–6410, 819 N.E.2d 654, ¶ 5; *Perez v.*

*Cleveland,* 66 Ohio St.3d 397, 399, 613 N.E.2d 199 (1993); *Estate of Sherman v. Millhon*, 104

Ohio App.3d 614, 617, 662 N.E.2d 1098 (10th Dist.1995). Furthermore, the trial court "cannot

rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion."

*State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).[3] When a party

presents evidence outside the pleadings, the trial court bears the "responsibility either to

disregard [the] extraneous material or to convert [the] motion to dismiss into a motion for

summary judgment * * *." *Keller v. Columbus,* 100 Ohio St.3d 192, 2003–Ohio–5599, 797

N.E.2d 964, ¶ 18. If the court converts the motion to dismiss to one for summary judgment, the

court must give the parties notice and a reasonable opportunity to present all of the available

evidence that Civ.R. 56(C) permits. Civ.R. 12(B). As our sister district aptly explained in *Powell*

*v. Vorys, Sater, Seymour & Pease*, 131 Ohio App.3d 681, 684–685, 723 N.E.2d 596 (10th

Dist.1998):

> When a motion to dismiss presents matters outside the pleadings, the trial court
>
> may either exclude the extraneous matter from its consideration or treat the
>
> motion as one for summary judgment and dispose of it pursuant to Civ.R. 56.

---

[3] Civ.R. 12(B) provides:

> When a motion to dismiss for failure to state a claim upon which relief can be granted presents
> matters outside the pleading and such matters are not excluded by the court, the motion shall be
> treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided
> however, that the court shall consider only such matters outside the pleadings as are specifically
> enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials
> made pertinent to such a motion by Rule 56.

However, a trial court may not, on its own motion, convert a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment and thus dispose of it without giving notice to the parties of its intent to do so and fully complying with Civ.R. 12(B) and Civ.R. 56 in its considerations. Civ.R. 12(B); *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716. * * * * Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788, 791.

{¶32} In the case sub judice, we cannot uphold the trial court's judgment of dismissal as either a dismissal under Civ.R. 12(B)(6) or as a valid summary judgment under Civ.R. 56. The trial court, in reaching its decision, clearly considered and relied upon evidence and materials outside of the pleadings. Thus, the trial court's judgment fails as a dismissal under Civ.R. 12(B)(6). Furthermore, there is no indication that the trial court notified the parties that it would convert the motion to dismiss into a summary judgment motion. Because the trial court's judgment fails to comply with either Civ.R. 12(B)(6) or Civ.R. 56(C), we must reverse it.[4]

{¶33} With regards to appellants' contention that the trial court erred by denying their motion for summary judgment, we note that the trial court actually did not enter a decision on the motion. Rather, in its June 10, 2015 ruling, the trial court stated that "[a]s a result [of the granting of appellees' motion to dismiss], the Court will not consider [appellants'] Motion for Summary

---

[4] In this instance, the trial court's actions are not excused as constituting harmless error because appellants did not have sufficient notice and an opportunity to respond. The evidence considered by the trial court was submitted in opposition to appellants' motion for summary judgment, and in no way could the appellants have known that the trial court would consider the evidence to unilaterally change it previous ruling on appellees' motion to dismiss. For a more thorough discussion of the harmless error doctrine in the conversion-notification context, see our ruling in *Rice v. Lewis*, 4th Dist. Scioto No. 13CA3551, 2013-Ohio-5890.

Judgment * * *." Because the trial court did not first consider the motion, we decline to consider it. *See Sites v. Sites*, 4th Dist. Lawrence No. 09CA19, 2010-Ohio-2748, ¶ 30 (noting that as a reviewing court, an appellate court should decline to address the merits of a motion in the first instance).

{¶34} Based on the foregoing, we sustain appellants' second assignment of error in part and overrule it in part.

### IV. Conclusion

{¶35} In summary, appellants' first assignment of error contesting the trial court's denial of their motion for default judgment is overruled, and that aspect of the trial court's judgment is affirmed. We further decline to address the portion of appellants' second assignment of error relative to the merits of their motion for summary judgment until the trial court has had an opportunity to do so. However, having sustained the remaining portion of appellants' second assignment of error, we reverse the judgment of the trial court that granted appellees' motion to dismiss the complaint. This matter is remanded to the Washington County Common Pleas Court for further proceedings in accordance with the law and this opinion.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART; and the CAUSE IS REMANDED. Appellants and appellees shall equally divide the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.:      Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only as to Assignment of Error II.
                     Dissents as to Assignment of Error I.

For the Court


BY: _____
          Marie Hoover, Judge



## NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**