MALONE, Appellee,

v.

BERRY, Appellant.

[Cite as *Malone v. Berry*, 174 Ohio App.3d 122, 2007-Ohio-6501.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 07AP–128.

Decided Dec. 6, 2007.

Steve Malone, pro se.

Larry D. Barker, for appellant.

BROWN, Judge.

{¶ 1} This is an appeal by defendant-appellant, Thomas Berry, from a judgment of the Franklin County Municipal Court, denying appellant's motion to set aside a judgment.

{¶ 2} On August 2, 2006, plaintiff-appellee, Steve Malone, filed a complaint against appellant in the small-claims division of the municipal court, alleging that appellant had misrepresented the condition of a vehicle he had sold to appellee through an advertisement on an Internet auction site. In the complaint, appellee sought judgment in the amount of $3,000. On August 21, 2006, appellant filed a pro se motion to dismiss asserting that (1) the transaction at issue did not arise in Franklin County, (2) appellant did not reside in Franklin County, and (3) appellant had never conducted business in Franklin County.

{¶ 3} On September 7, 2006, a magistrate of the municipal court filed a decision indicating that the case had been called for trial but that appellant failed to appear. The magistrate found in favor of appellee in the amount of $3,000. By judgment entry filed on the same date, the trial court adopted the magistrate's decision and entered judgment in favor of appellee in the amount of $3,000, plus court costs and interest.

{¶ 4} On November 29, 2006, appellant, now represented by counsel, filed a motion to set aside the judgment pursuant to Civ.R. 60(B)(1) and (5). In the accompanying memorandum in support, appellant asserted that the complaint contained insufficient allegations to satisfy the requirements of Ohio's jurisdictional statute. Appellant also asserted that he did not receive a summons informing him of the trial date.

{¶ 5} By judgment entry filed January 25, 2007, the trial court denied appellant's motion to vacate. Regarding appellant's jurisdictional claim, the trial court found that appellant's conduct in negotiating and contracting with appellee through the Internet and by telephone was sufficient to establish in personam jurisdiction.

{¶ 6} On appeal, appellant sets forth the following assignment of error for this court's review:

The trial court erred in denying Appellant's Motion to Set Aside Judgment by not holding an evidentiary hearing to determine personal jurisdiction.

{¶ 7} In his single assignment of error, appellant argues that the trial court erred in denying his motion to set aside the judgment. Appellant contends that the placement of an advertisement on the Internet, as well as discussions by e-mail and telephone were insufficient to confer in personam jurisdiction in the Franklin County Municipal Court.

{¶ 8} In *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235–236, 638 N.E.2d 541, the Ohio Supreme Court held:

When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's "long-arm" statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. * * *

The complementary provisions of Ohio's "long-arm" statute, R.C. 2307.382(A)(1) and Civ.R. 4.3(A)(1), authorize a court to exercise personal jurisdiction over a nonresident defendant and provides for service of process to effectuate that jurisdiction when the cause of action arises from the nonresident defendant's "[t]ransacting any business in this state[.]" Because the "transacting any business" phrase is so broad, the statute and rule have engendered cases which have been resolved on " 'highly particularized fact situations, thus rendering any generalization unwarranted.' " *U.S. Sprint Communications Co. Ltd. v. Mr. K's Foods, Inc.* (1994), 68 Ohio St.3d 181, 185, 624 N.E.2d 1048, quoting 22 Ohio Jurisprudence 3d (1980) 430, Courts and Judges, Section 280.

{¶ 9} A trial court "must resolve the question of whether or not it has personal jurisdiction over the defendant by making a determinative finding on the issue." *Beachler v. Beachler,* Preble App. No. CA2006–03–007, 2007-Ohio-1220, 2007 WL 805526, ¶ 15. If a trial court decides the issue of its jurisdiction without conducting an evidentiary hearing, "it must view the allegations in the pleadings or any documentary evidence submitted by the parties in a light most favorable

to the non-moving party, resolving all competing inferences in the nonmoving party's favor." Id. at ¶ 16.

{¶ 10} A judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, and not merely voidable. Id., at ¶ 13. A motion by a defendant seeking to vacate a judgment for lack of personal jurisdiction "constitutes a direct attack upon the judgment and, as such, need not satisfy the requirements of Civ.R. 60(B)." *Schnippel Constr., Inc. v. Kreps* (Feb. 15, 2002), Shelby App. No. 17–01–16, 2002 WL 235443. See also *Beachler* ¶ 19 (when a party attempts to vacate a void judgment through a Civ.R. 60(B) motion, "courts treat the motion as a common law motion to vacate or set aside the judgment, finding that it is 'not significant' that the motion has been styled as a Civ.R. 60(B) motion").

{¶ 11} At issue in this case is whether the municipal court erred in denying appellant's motion to set aside the judgment on jurisdictional grounds based upon the court's finding that appellant, a nonresident defendant, specifically directed conduct toward appellee, an Ohio resident, sufficient to establish personal jurisdiction. In its decision denying appellant's motion to set aside the judgment, the trial court found significant the fact that appellee responded to the Internet advertisement and negotiated the purchase price of the automobile through e-mail and telephone conversations.

{¶ 12} The record in this case includes, as attachments to appellee's complaint, the advertisement from the Internet auction website, as well as e-mail correspondence between the parties both before and after the transaction at issue. The relevant facts, as alleged in the complaint and contained in the attachments, indicate that appellant placed an advertisement on "Racingjunk.com," an on-line auction website, seeking to sell a "Road Ready '68 Red GTO Convert. c/ white top." The advertisement represented that the vehicle was "[r]eady to [d]rive" and that it had a "[n]ew rebuilt 400 Engine," as well as a new automatic transmission. The vehicle, located in Berry, Alabama, had a listed price of $15,500. Under the heading "Instructions for buyer," the advertisement stated: "Price is negotiable. Call anytime with any additional questions." A "Seller Information" section on the webpage suggests that this particular seller (appellant) had not placed any prior advertisements nor sold any other items on the Racingjunk.com website.[1] According to information in an e-mail attached to the

---

1. The "Seller Information" section provided: "Number of Honor Payments: 0[;] Average Accepted Sale Price: $0.00[;] Average Honor Payment: $0.00[.]" Under the designation "Member OTHER ADS," the only item listed was the vehicle at issue in this case ("Road Ready '68 GTO [Convertible]").

complaint, appellee, as the successful high bidder, purchased the vehicle for $13,000, and appellee paid to have the vehicle shipped to Ohio.

{¶ 13} In addition to the facts set forth in the complaint and attachment, we take limited judicial notice of the fact that Racingjunk.com is an on-line website providing a forum for buyers and sellers much the same as the more recognizable website eBay. See *O'Toole v. Northrop Grumman Corp.* (C.A.10, 2007), 499 F.3d 1218, 1225 ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Coremetrics, Inc. v. Atomic Park. com* (N.D.Cal.2005), 370 F.Supp.2d 1013, 1021 (taking judicial notice of defendant's website); *Monroe Emps. Retirement Sys. v. Bridgestone Corp.* (C.A.6, 2005), 399 F.3d 651, fn. 1 (taking judicial notice of website in considering Civ.R. 12(B)(6) motion).

{¶ 14} We further note there are no facts indicating that the activity at issue involved more than a single transaction. In *Kemple v. Lutheran Retirement Community, Inc.* (Dec. 2, 1982), Franklin App. No. 81AP–1011, 1982 WL 4545, this court cited with approval the following three-pronged test, enunciated in *In–Flight Devices Corp. v. Van Dusen Air, Inc.* (C.A.6, 1972), 466 F.2d 220, 226, for analyzing cases in which personal jurisdiction over a nonresident defendant is based on a single transaction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

{¶ 15} Increasingly, courts in various jurisdictions have been called upon to consider whether Internet-based transactions fall within a state's long-arm jurisdiction and, if so, whether the exercise of jurisdiction arising from such a transaction comports with notions of due process. As one commentator has observed, "[a]mong the exciting opportunities offered by the Internet is the chance to be haled into court in another state." Haig, 2 N.Y.Prac., Com. Litig. in New York State Courts (2d Ed.) Section 2:28.

{¶ 16} Relatively few Ohio cases have addressed jurisdictional issues involving Internet sales. In *Buflod v. Von Wilhendorf,* Warren App. No. CA2006–02–022, 2007-Ohio-347, 2007 WL 210790, the plaintiff, an Ohio resident, purchased three German shepherd dogs from the defendants, a Connecticut corporation and its primary shareholder. The corporation maintained a website, and over the period of time during which the purchases were consummated, the parties exchanged numerous telephone calls and e-mails. After delivery, the plaintiff discovered that the dogs had health problems, and he brought suit in Ohio. The defendants

filed a motion to dismiss for lack of jurisdiction, and the trial court granted the motion, finding that the purchases were the only sales defendants had ever made in Ohio, and that the defendants' advertisements on the corporation's website were insufficient to support an exercise of personal jurisdiction. On appeal, the court in *Buflod* affirmed, holding in part: "[T]he fact that a defendant utilizes a passive, non-interactive website available to any Internet user does not support a finding that jurisdiction exists." Id. at ¶ 19.

{¶ 17} In *In re Blue Flame Energy Corp.*, 171 Ohio App.3d 514, 2006-Ohio-6892, 871 N.E.2d 1227, ¶ 21, the court found a lack of personal jurisdiction where the nonresident defendant "passively posted" information, including advertising, on its website. In that case, involving a regulatory action in which the long-arm statute was not applicable, the court noted that "[p]ersonal jurisdiction exists only in forums in which a party has purposeful, deliberate contact, not random contact occasioned by the wide accessibility of the internet." Id. at ¶ 22.

{¶ 18} The instant case does not involve circumstances in which a party to the action maintains a website; rather, under the facts herein, the buyer and seller entered into a transaction through the use of an Internet auction site similar to eBay, arguably the most recognized auction site on the Internet. In *Ginsburg v. Dinicola* (D.Mass.2007), No. 06–11509–RWZ, 2007 WL 1673533, the court described the "architectonics" of the eBay auction cite, noting the following characteristics:

The site allows sellers using a template to advertise an item on the website. * * * The seller chooses a minimum bid and establishes a time frame (including expiration) for the auction. * * * Buyers bid for the item during the duration of the auction by entering bids in a template. * * * When the auction period expires, the bidder with the highest bid wins the auction and owns the item. * * * eBay electronically notifies both the buyer and seller of the result of the auction and contact information for both. * * * The buyer may then remit payment through PayPal, a payment mechanism service owned by eBay, or the parties may privately arrange payment.

{¶ 19} The majority of jurisdictions that have considered the issue of personal jurisdiction arising out of a single transaction on an auction website such as eBay have found the absence of jurisdiction. See *Boschetto v. Hansing* (N.D.Calif. July 13, 2006), No. C–06–1390 VRW, 2006 WL 1980383 ("an overwhelming majority of courts have held that an eBay seller does not purposefully avail himself of the privilege of doing business in a forum state absent some additional conduct directed at the forum state"); *Action Tapes, Inc. v. Weaver* (N.D.Tex. Nov. 23, 2005), No. 3:05–CV–1693–H, 2005 WL 3199706 ("[c]ourts that have looked at the question of personal jurisdiction based on eBay transactions have uniformly held that the usual online auction process does not rise to the level of

purposeful conduct required to assert specific jurisdiction"). In such cases, "courts have reasoned that where the auction allows any purchaser to purchase the item and the seller engages in only one sale to a forum state, there is no jurisdiction." *Ginsburg,* supra. The *Ginsburg* court cited with approval the following rationale by the court in *Machulsky v. Hall* (D.N.J.2002), 210 F.Supp.2d 531, 541:

> Although eBay is an interactive web site which allows users to engage in commercial transactions and exchange information with others via its host server, [defendant's] single purchase from [plaintiff] through eBay does not constitute the requisite "purposeful availment of doing business" within New Jersey such that the exercise of specific jurisdiction over Defendant would be appropriate * * * *[defendant] engaged in only one commercial transaction via eBay and this single purchase, without more, is not a sufficient premise upon which the Court can exercise personal jurisdiction. [Defendant's] email correspondence with [plaintiff] relating to his single purchase also did not occur within the context of other substantial connections to the forum.* He has never traveled to New Jersey, and [plaintiff] fails to make a prima facie showing that he has engaged in a substantial amount of transactions with [plaintiff] or other New Jersey residents via the eBay service. * * * Such minimal correspondence with [plaintiff], by itself or even in conjunction with his single purchase, does not constitute sufficient minimum contacts.

(Emphasis sic.)

{¶ 20} Courts have also focused upon the fact that the seller on an Internet auction website has little or no control over who will ultimately be the highest bidder. In *Metcalf v. Lawson* (2002), 148 N.H. 35, 802 A.2d 1221, 1227, the New Hampshire Supreme Court held that a New Jersey defendant who sold an excavator to a New Hampshire resident via the eBay auction site did not have sufficient contacts through the Internet to warrant the exercise of jurisdiction in New Hampshire when there was no indication that the seller "intentionally directed her activities at New Hampshire or was aware she was contracting with a New Hampshire resident until after the transaction was completed." The court relied upon the rationale in *Winfield Collection, Ltd. v. McCauley* (E.D.Mich. 2000), 105 F.Supp.2d 746, in which that court held that two sales made to Michigan residents through eBay, standing alone, were insufficient to establish jurisdiction in Michigan over the nonresident defendant. The *Metcalf* court observed that in *Winfield,* the court "took judicial notice that the function of an auction is to permit the highest bidder to purchase the property offered for sale, and that the choice of the bidder is beyond the seller's control" and, further, that the "defendant's sales in the forum were the result of random and attenuated contacts." *Metcalf* at 1226.

{¶ 21} Various courts have found a lack of jurisdiction in cases involving a one-time sale of an automobile on an Internet auction site. See *Ginsburg*, supra (dismissal of action in Massachusetts arising out of sale of automobile on eBay by New York seller to Massachusetts buyer; court held that when there was no evidence that the defendant-seller "had any additional contacts with Massachusetts other than the single sale on the eBay website," it did "not have jurisdiction under the Massachusetts long-arm statute"); *Buckland v. Hobbs* (2006), 176 N.C.App. 766, 2006 WL 695665 (no personal jurisdiction where only contacts between seller and North Carolina were solicitation of bids on eBay, exchange of e-mails, and wire transfer of money; in soliciting bids on eBay, "defendant does not target any particular state"); *Jones v. Munroe* (N.Y.2003), 2 Misc.3d 24, 773 N.Y.S.2d 498 (civil court properly dismissed complaint based on plaintiff's failure to establish that Florida domiciled defendants transacted business in New York by selling automobile to plaintiff through eBay; "[t]he isolated sales transaction, the result of 'random' and 'attenuated' contacts, was insufficient to confer personal jurisdiction"); *Boschetto*, supra (no personal jurisdiction over automobile seller using eBay because seller's actions were not purposefully directed at forum state; although seller used eBay to market automobile, eBay acted as "virtual forum for the exchange of goods" and relationship between seller and purchaser "was exactly a 'one-shot affair' ").

{¶ 22} In the instant case, the transaction at issue involved a one-time sale facilitated by the placement of an advertisement on an Internet auction site not operated by appellant; the facts indicate that appellee arranged to have the vehicle shipped to Ohio, and there is no evidence that appellant ever entered Ohio as part of the transaction. Based upon the pleadings and documentary evidence presented, we conclude that appellant did not purposefully avail himself of the privilege of conducting business within Ohio; rather, contrary to the trial court's determination, we find that appellant's contacts were too "random" and "attenuated" to create a substantial connection within the forum state to make personal jurisdiction over him reasonable.

{¶ 23} In light of this court's determination, we find it unnecessary to remand this matter for an evidentiary hearing. Based upon the foregoing, appellant's single assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this matter is remanded to that court with instructions to vacate its judgment and to enter an order of dismissal.

Judgment reversed
and cause remanded.

BRYANT and TYACK, JJ., concur.