[Cite as *Caimona v. More Muscle Cars, L.L.C.*, 2020-Ohio-2896.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| JOSEPH CAIMONA, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-T-0049** |
| MORE MUSCLE CARS, LLC, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2019 CV 00515.

Judgment: Affirmed.

*Gregg A. Rossi* and *James N. Melfi*, Rossi & Rossi Co., 26 Market Street, 8th Floor, P.O. Box 6045, Youngstown, OH 44501 (For Plaintiff-Appellant).

*Thomas J. Wilson*, Comstock, Springer & Wilson Co., LPA, 100 Federal Plaza East, Suite 926, Youngstown, OH 44503 (For Defendants-Appellees).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Joseph Caimona ("Caimona"), appeals a judgment in the Trumbull County Court of Common Pleas dismissing his complaint against appellees, More Muscle Cars, LLC, Certified Auto Brokers, LLC, and Stanley Volos. We affirm the judgment of the trial court.

{¶2} Initially, Caimona brought suit on August 23, 2016, against the named appellees for, inter alia, breach of contract, stemming from the online sale of a car. The parties engaged in discovery and litigation for nearly two years before Caimona

voluntarily dismissed the first suit on August 6, 2018. The record for the previously filed suit is not before this court; however, the parties do not dispute that personal jurisdiction was not at issue in the first suit.

{¶3} Caimona brought the suit subject to this appeal on March 18, 2019. The following limited facts are taken from the complaint and accepted as true for purposes of the present appeal:

{¶4} Caimona purchased a car from appellees through a website, www.classiccars.com ("the website"). Caimona alleges the transaction occurred in Trumbull County, Ohio; the contract was entered into in Trumbull County, Ohio; and the car was paid for, sold, and delivered in Ohio. After receiving the car on July 7, 2016, Caimona discovered various discrepancies between the car he negotiated to buy with appellees and the car he received. Further, he alleges that Appellee Stanley Volos ("Mr. Volos") failed to make repairs under an express warranty.

{¶5} On April 24, 2019, appellees filed an answer to the refiled complaint and asserted lack of personal jurisdiction as a defense to the claims. On May 1, 2019, appellees filed a motion to dismiss for lack of personal jurisdiction, claiming that none of the appellees has any ties or does any business in the state of Ohio. Certified Auto Brokers, LLC, is incorporated in Florida and operates a car dealership in Florida. More Muscle Cars, LLC is a marketing name for Certified Auto Brokers, LLC and was the seller name used when the car was listed on the website. Mr. Volos was the representative of Certified Auto Brokers, LLC, who handled the sale of the car to Caimona through the website. The matter was set for a hearing on the memorandums on May 23, 2019.

{¶6} On May 16, 2019, Caimona requested an extension of time until May 31, 2019, to file a response to the motion to dismiss. On May 28, 2019, the trial court granted the extension, and the hearing was reset for June 28, 2019. Despite the clear language of the judgment entry stating that the extension was granted "until May 31, 2019," counsel for Caimona contends that his brief was "due by 5:00pm on [the] date [of the hearing]." As a result, Caimona filed a brief in opposition to the motion to dismiss "[o]n June 28, 2019, at 12:45 p.m.," nearly one month after the extension deadline and without leave of court.

{¶7} On July 1, 2019, the trial court dismissed the claims after determining that the trial court lacked personal jurisdiction over appellees. The entry stated, "The Court notes that plaintiff failed to file a response to the Motion to Dismiss." Thereafter, Caimona filed a motion to vacate, or, in the alternative, a motion for reconsideration, which the trial court ultimately denied while on remand from this court. Regarding Caimona's untimely response in opposition to the motion to dismiss, the court stated, "In any case, the Court has subsequently reviewed the brief in opposition and does not find the Plaintiff's arguments with merit." The appeals of the motion to dismiss and the motion to vacate/reconsider were then consolidated.

{¶8} Caimona filed a timely notice of appeal in both instances and raises two assignments of error for our review.

{¶9} Caimona's first assignment of error states:

{¶10} "The Trial Court erred in granting Defendants/Appellees' Motion to Dismiss for lack of personal jurisdiction in the re-filed case because, pursuant to Civ.R. 12(H), Defendants/Appellees waived said defense when they did not raise it in a pre-

3

Answer Motion in the first action, appeared in the action through counsel, and fully engaged in discovery."

{¶11} This court reviews a trial court's determination on whether the court has personal jurisdiction over a party under the de novo standard of review. *84 Lumber Co., L.P. v. Houser*, 188 Ohio App.3d 581, 2010-Ohio-3683, ¶15 (11th Dist.), citing *Snyder Computer Sys., Inc. v. Stives*, 175 Ohio App.3d 653, 2008-Ohio-1192, ¶11 (7th Dist.). The Ohio Rules of Civil Procedure provide the following with regard to waiver of defenses:

> A defense of lack of jurisdiction over the person * * * is waived * * * (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

Civ.R. 12(H)(1).

{¶12} "[P]ersonal jurisdiction is a 'waivable right,' and an individual may consent to a specific court exercising jurisdiction over him or her." *84 Lumber, supra*, at ¶17, citing *Preferred Capital, Inc. v. Power Engineering Group, Inc.*, 112 Ohio St.3d 429, 2007-Ohio-257, ¶6. "One way for an individual to waive personal jurisdiction is to voluntarily appear and submit to the jurisdiction of the court." *Id.* at ¶18 (citations omitted).

{¶13} However, "[t]he first voluntary dismissal of a claim without prejudice places the parties in the same position as if no suit had ever been filed." *Garr v. Columbia Polymers, Inc.*, 11th Dist. Trumbull No. 2016-T-0076, 2016-Ohio-7555, ¶10, citing *Denman v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999); *see also O'Stricker v. Robinson Mem. Hosp. Found.*, 11th Dist. Portage No. 2016-P-0042, 2017-Ohio-2600, ¶53.

4

{¶14} In the matter sub judice, Caimona's argument is that it is inequitable to allow appellees to assert a defense of lack of personal jurisdiction in the refiled case because they did not assert it in response to the previously filed, and voluntarily dismissed, complaint. Caimona cites no case law or other authority which supports this proposition; however, he did file a supplemental brief in which he asserts the holding in *Denman*, as well as our holding in *O'Stricker*, are factually distinguishable. Appellees argue that the refiling of the case renders all parties in a position as if the first complaint had never been filed, and they are therefore permitted to assert a personal jurisdiction defense despite participating in the previous proceedings.

{¶15} We find the position of appellees to be more persuasive and more consistent with established law in the state of Ohio, to wit: that appellees were placed in a position as if no suit was ever filed following Caimona's voluntary dismissal of his first complaint. Caimona's factual distinctions between the cases cited in his supplemental brief and the present matter have no bearing on the undisputed legal principle that a voluntary dismissal of a claim without prejudice places the parties in the same position as if no suit had ever been filed. We therefore hold that appellees properly asserted a defense of lack of personal jurisdiction in their answer to the refiled suit and did not waive the defense by participating in the first proceeding.

{¶16} Caimona's first assignment of error is without merit.

{¶17} Caimona's second assignment of error states:

{¶18} "Reviewing the Defendants/Appellees' Motion to Dismiss *de novo*, the Trial Court erred by dismissing the re-filed Complaint despite personal jurisdiction over the Defendants/Appellees."

5

{¶19} "Generally, when considering whether a court has personal jurisdiction over an out-of-state defendant, the court should determine '(1) whether the state's "long arm" statute and applicable rule of civil procedure confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law under the Fourteenth Amendment of the United States Constitution.'" *84 Lumber*, *supra*, at ¶17, quoting *Clark v. Connor*, 82 Ohio St.3d 309, 312 (1998), citing *U. S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 183-184 (1994).

{¶20} We previously discussed a challenge to personal jurisdiction in a motion to dismiss in *Kopas v. MTR Gaming Group*, 11th Dist. Portage No. 2013-P-0053, 2014-Ohio-1157, ¶8:

> Under Ohio's Civil Rules, a defendant may plead the "lack of jurisdiction over the person" by motion. Civ.R. 12(B)(2). Where a defendant moves to dismiss a complaint for lack of jurisdiction over the person, "the plaintiff has the burden of making a prima facie showing of personal jurisdiction." (Citation omitted.) *Arrow Machine Co., Ltd. v. Array Connector Corp.*, 11th Dist. Lake No. 2008-L-161, 2009-Ohio-1439, ¶32; *Fallang v. Hickey*, 40 Ohio St.3d 106, 107, 532 N.E.2d 117 (1988). In deciding a motion to dismiss based on a lack of personal jurisdiction, the trial court is not confined to the allegations contained in the complaint, but may "hear the matter on affidavits, depositions, interrogatories, or receive oral testimony." (Citation omitted.) *Arrow Machine* at ¶32. Where the motion is decided without hearing, the trial court is "to view allegations in the pleadings and the documentary evidence in a light most favorable to the plaintiffs, resolving all reasonable competing inferences in their favor." *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994).

{¶21} In the present matter, the trial court ruled, under the second prong of the jurisdictional analysis, that granting jurisdiction over appellees would deprive them of the right to due process of law, because their contacts with the state of Ohio in passively listing the car for sale "did not specifically target Ohio consumers or seek to

6

specifically conduct business in Ohio." Therefore, the court determined that appellees did not avail themselves of the Ohio marketplace in a manner sufficient to warrant personal jurisdiction. The trial court relied on appellees' motion to dismiss, as well as the affidavit of Mr. Volos and deposition testimony cited therein. The motion to dismiss cited the Tenth Appellate District case of *Malone v. Berry*, 174 Ohio App.3d 122, 2007-Ohio-6501 (10th Dist.), as well as *Shoptaw v. I & A Auto Sales, Inc.*, 10th Dist. Franklin No. 12AP-453, 2012-Ohio-6259, which cites *Malone*, in concluding that the trial courts did not have personal jurisdiction over sellers of a vehicle on the online website eBay.

{¶22} In *Malone v. Berry*, a car buyer sued a nonresident seller for misrepresentation as to the condition of a vehicle the seller sold through an internet auction site ("Racingjunk.com"), just as in the matter sub judice. *Malone*, *supra*, at ¶2. In that case, the record included the advertisement from the internet auction website, as well as e-mail correspondence between the parties both before and after the transaction at issue. The buyer in *Malone* purchased a vehicle from the seller for $13,000.00 through the internet auction website, and the seller paid to have the vehicle shipped to Ohio. *Id.* at ¶12. Under those circumstances, the Court concluded as follows:

> In the instant case, the transaction at issue involved a one-time sale facilitated by the placement of an advertisement on an Internet auction site not operated by appellant; the facts indicate that appellee arranged to have the vehicle shipped to Ohio, and there is no evidence that appellant ever entered Ohio as part of the transaction. Based upon the pleadings and documentary evidence presented, we conclude that appellant did not purposefully avail himself of the privilege of conducting business within Ohio; rather, contrary to the trial court's determination, we find that appellant's contacts were too "random" and "attenuated" to create a substantial connection within the forum state to make personal jurisdiction over him reasonable.

*Id.* at ¶22.

7

{¶23} Further, appellees cite the Sixth District case of *Ashton Park Apts., Ltd. v. Carlton-Naumann Constr., Inc.*, 6th Dist. Lucas No. L-08-1395, 2009-Ohio-6335. There, the nonresident homebuilder advertised a construction business online through a website. The buyers were Ohio residents, and the homebuilder was a Florida corporation. The court stated: "Every aspect of the contract (their execution of the contract, payments, and communication) concerning the buyers involves Ohio. Every aspect of the contract (its execution of the contract, building of the home, and communication) involving the builder occurs in Florida." *Id.* at ¶16. Regardless, the Sixth Appellate District concluded:

> Upon consideration of all of the evidence, we find that appellant has failed to meet its burden to establish that appellee transacted business in Ohio with an interactive web site or that its web site was targeted to Ohio consumers. We have not considered the effect of the second web site as it was not involved in the contract at issue in this case. We conclude that while appellee maintained a national web site advertising its home construction business in Florida at the time the contract was executed, appellee did not target Ohio residents and was not "transacting business" in Ohio by entering into a single contract with two Ohio residents to build a home in Florida.

*Id.* at ¶18. That court also cited our holding in *Huskin v. Pappse*, 11th Dist. Trumbull No. 99-T-0069, 2000 WL 895598, *2 (June 30, 2000) ("Frequent mail and telephone communications between two companies in different states are considered commercial contacts and are not "'purposefully directed'" to Ohio in a way that would lead the foreign corporation to realize that it could be haled into an Ohio court. *Friedman v. Speiser*, 56 Ohio App.3d 11, 14 (1988).").

{¶24} Similarly, in *Kopas*, the appellant argued that the appellee's television and billboard advertising in Ohio constituted soliciting business and that his injuries arose out of the solicitation, in that, "[u]pon seeing this advertising, [he] traveled to West

8

Virginia and patronized Defendants' casino." *Kopas*, *supra*, at ¶13. Even with direct advertising within the state of Ohio, we affirmed the trial court's granting of a motion to dismiss after concluding that the appellant had "not asserted or documented the transaction of any business in Ohio by [the appellee] beyond the mere solicitation of business." *Id.* at ¶15.

{¶25} Here, the trial court initially did not consider Caimona's brief in opposition and attached exhibits, which were not timely filed. However, it indicated that it did consider the brief in opposition when addressing the motion to vacate or, in the alternative, for reconsideration. After consideration, the court rejected Caimona's argument attempting to distinguish *Malone*, *Shoptaw*, and *Ashton Park Apts.* and denied the motion.

{¶26} Caimona now relies on a recent Eighth Appellate District holding in *Mayfran Intern., Inc. v. Eco-Modity, L.L.C.*, 8th Dist. Cuyahoga No. 107959, 2019-Ohio-4350. While Caimona is correct that both *Mayfran* and the present matter were decided on the basis of personal jurisdiction without a hearing, *Mayfran* involved a state-based process engineering company bringing an action against a nonresident business that operates mattress recycling facilities. The plaintiff sued for breach of contract and unjust enrichment, alleging that the nonresident business failed to pay for the company's design, manufacture, and install of an automated recycling system. The case did not involve internet sales or advertising, and it is easily distinguishable from the present dispute. Overall, when considering the argument, evidence, record, and law submitted by the parties, we agree with the analysis of the above-cited opinions from the Tenth and Sixth Appellate District Courts.

9

{¶27} In this case, the facts are much more apposite to *Malone*. Just as in *Malone*, the record here includes the advertisement from the internet auction website, as well as e-mail correspondence between the parties both before and after the transaction at issue. The buyer, Caimona, purchased the vehicle from appellees through the website, and the vehicle was shipped to Ohio. The transaction was facilitated through the website, over which appellees had no control, and appellees could not control who potential buyers were or where the buyers were located. The website was not targeted to Ohio consumers. The transaction involved a single sale facilitated by the placement of an advertisement on the website, and there is no evidence that appellees ever entered Ohio as part of the transaction despite arranging to have the vehicle shipped to Caimona in Ohio. Therefore, we conclude that Caimona has failed to make a prima facie showing of personal jurisdiction over appellees by the Trumbull County Court of Common Pleas.

{¶28} Therefore, the trial court did not err in granting the motion to dismiss for lack of personal jurisdiction.

{¶29} Caimona's second assignment of error is without merit.

{¶30} The judgment of the Trumbull County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.