[Cite as *Williams v. MJS Ents., Ltd.*, 2022-Ohio-3695.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| Delbert Williams, Jr., | : | |
| Plaintiff-Appellant, | : | Case No. 22CA8 |
| v. | : | |
| | | DECISION AND |
| MJS Enterprises, LTD | : | JUDGMENT ENTRY |
| D/B/A Saint Joseph's Ambulance | | |
| Service, et al., | : | |
| Defendants-Appellees. | : | **RELEASED 10/13/2022** |

APPEARANCES:

Rocco Screnci and Brian D. Spitz, Spitz, The Employee's Law Firm, Beachwood, Ohio for plaintiff-appellant.

Robert J. Kent and Ryan S. Moore, Bowles Rice LLP, Parkersburg, West Virginia for defendants-appellees.

Hess, J.

{¶1}     Plaintiff-Appellant Delbert Williams Jr. appeals the trial court's grant of Defendant MJS Enterprises, LTD D/B/A Saint Joseph's Ambulance Service's motion to dismiss his amended complaint pursuant to Civ.R. 12(B). Williams raises two assignments of error. First, he contends that the trial court erred in dismissing the amended complaint for lack of personal jurisdiction over MJS Enterprises. He contends that MJS Enterprises waived the defense of lack of personal jurisdiction by failing to raise it in its motion to dismiss. Alternatively, he argues that the trial court had personal jurisdiction over MJS Enterprises under Ohio's long-arm statute and the Due Process Clause.  Second, he contends that the trial court erred in dismissing his complaint as barred by West Virginia's two-year statute of limitations on employment discrimination

claims. Williams argues that under the applicable law, Ohio's six-year statute of limitation applies, and his complaint was timely filed.

{¶2} We find that the trial court erred when it determined that it lacked personal jurisdiction over MJS Enterprises because MJS Enterprises waived this defense by failing to raise it in its Civ.R. 12(B) motion to dismiss. Additionally, we find that the trial court erred in dismissing the amended complaint on statute of limitations grounds under Civ.R. 12(B)(6) when it considered factual matters outside the amended complaint without converting the motion to a motion for summary judgment as required by Civ.R. 12(B). We sustain Williams's first assignment of error. We do not reach the merits of Williams's second assignment of error because we sustain it on other grounds. We reverse the judgment of the trial court and remand for further proceedings consistent herewith. Upon remand, the trial court may convert the motion to dismiss to a motion for summary judgment, notify the parties, and allow them to submit evidence and additional briefing in accordance with Civ.R. 56(C).

## I. FACTS AND PROCEDURAL BACKGROUND

{¶3} Williams brought an employment discrimination action against MJS Enterprises and Beth "Last Name Unknown" on March 1, 2021. Before filing a responsive pleading, MJS Enterprises filed a motion to dismiss asserting defenses under Civ.R. 12(B)(1) (lack of subject matter jurisdiction); Civ.R. 12(B)(2) (lack of personal jurisdiction); Civ.R. 12(B)(3) (improper venue); Civ.R. 12(B)(5) (insufficiency of service of process); and Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted, specifically a statute of limitations defense). Williams amended his complaint as a matter of course under Civ.R. 15(A), by filing a first amended complaint within 28 days of MJS

Enterprises's Civ.R. 12(B) motion to dismiss. The trial court issued an entry finding MJS Enterprises's motion to dismiss moot because the original complaint had been substituted with an amended complaint. The court stated that MJS Enterprises may file a new motion to dismiss, if appropriate.

{¶4} In his first amended complaint Williams alleged that he was a resident of Marietta, Ohio and began working for MJS Enterprises as an ambulette driver on August 20, 2017. He alleged that MJS Enterprises had its principal place of business in Parkersburg, West Virginia, which is in Wood County, and Beth was a supervisor or manager who worked for MJS Enterprises. Williams alleged that he has bipolar disorder and "a learning disability" and is considered disabled under Ohio's statute prohibiting unlawful employment discrimination against persons with disabilities. Williams alleged that in September 2017 he made a minor mistake involving a client's signature on a form and asked for more training as an accommodation request. He alleged that, instead of providing additional training, MJS Enterprises and Beth willfully denied the request and effectively discharged him instead on September 25, 2017, by never scheduling him for another shift. He alleged that the defendants conducted business in Wood County, West Virginia and Washington County, Ohio and that all material events alleged in the complaint occurred in Washington County, Ohio – which is the main substantive change between his original and amended complaints – in his original complaint he alleged all material events occurred in Wood County, West Virginia. His amended complaint contained three counts: (1) disability discrimination against both defendants; (2) failure to accommodate against both defendants and (3) aiding, abetting, and inciting discrimination against Beth only.

{¶5}    Before filing a responsive pleading to the amended complaint, MJS Enterprises filed a motion to dismiss asserting defenses under Civ.R. 12(B)(1) (lack of subject matter jurisdiction); Civ.R. 12(B)(3) (improper venue); Civ.R. 12(B)(4) (insufficiency of process); Civ.R. 12(B)(5) (insufficiency of service of process); and Civ.R. 12(B)(6) (failure to state a claim upon which relief can be granted, specifically a statute of limitations defense). Notably, MJS Enterprises did not include a defense under Civ.R.12(B)(2) for lack of personal jurisdiction in its motion and its memorandum in support contained none of the arguments concerning personal jurisdiction that it had included in the memorandum supporting its first motion to dismiss the original complaint. However, MJS Enterprises continued to argue a lack of subject matter jurisdiction, which it argued was based on Williams's original allegation that all the material facts occurred in Wood County and his "180 degree change in the stated location of where the material facts occurred." MJS Enterprises argued that under Civ.R. 12(B)(1), the trial court can "consider material pertinent to such inquiry * * * this Court may wish to explore the issue in a hearing to attempt to determine where the material facts occurred (West Virginia or Ohio), and satisfy itself as to whether the jurisdiction regarding this case is affected."[1]

{¶6}    In Williams's response to the motion to dismiss, he noted that MJS Enterprises omitted the defense of lack of personal jurisdiction under Civ.R. 12(B)(2) and stated, "MJS Enterprises has assented to the Court's personal jurisdiction by failing to object or move to dismiss under Civ.R. 12(B)(2)."

---

[1] For clarification, " 'Subject matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases.' In contrast, 'venue connotes the locality where the suit should be heard' and is a procedural matter, rather than a jurisdictional concern." (Citations omitted.) *Watson v. Rankin-Thoman, Kinman-Kindell, Co.*, 6th Dist. Erie No. E-21-056, 2022-Ohio-2811, ¶ 9 (explaining the difference between subject matter jurisdiction, venue, and personal jurisdiction); *see also Singleton v. Denny's, Inc.*, 36 Ohio App.3d 225, 522 N.E.2d 1097 (9th Dist.1987).

**{¶7}**   Approximately five months after MJS Enterprises filed its motion to dismiss the amended complaint, it filed a supplemental memorandum in support of its motion to dismiss in which it argued that Williams's claim arose in Wood County, West Virginia and was governed by the laws of West Virginia, but that Williams was attempting to bring the case in Ohio to avoid West Virginia's two-year statute of limitations. MJS Enterprises asserted, "The limited discovery that has taken place in this civil action has further crystalized this fact. Despite Plaintiff's artful pleading tactics, jurisdiction lies in West Virginia and the law of West Virginia applies. Assuming, *arguendo,* this Court has jurisdiction and Ohio substantive law applies, Plaintiff's claim is barred under West Virginia's two-year statute of limitations vis-a-vie [sic] Ohio's choice of law rules and Ohio's borrowing statute (Ohio Revised Code § 2305.03)."[2]

**{¶8}**   MJS Enterprises focused half of its supplemental memorandum on Ohio choice-of-law rules and its borrowing statute, and the West Virginia Human Rights Act and its two-year statute of limitation which, if applied to Williams's claim, would bar it as untimely. This argument supports MJS Enterprises's statute of limitation defense under Civ.R. 12(B)(6), which it preserved by raising it in its motion to dismiss the amended complaint. However, the other half of the supplemental memorandum focused on the defense of lack of personal jurisdiction under Civ.R. 12(B)(2), which MJS Enterprises failed to raise in its motion to dismiss the amended complaint.

---

[2] "A borrowing statute is a legislative exception from the general rule that the forum always applies its statute of limitation." *Combs v. Internatl. Ins. Co.*, 354 F.3d 568, 578 (6th Cir. 2004) (discussing Kentucky's borrowing statute's accrual method (i.e., "where the cause of action accrued"), "An accrual-based approach makes forum shopping impossible because the statute of limitations that governs in the forum where the cause of action accrued will apply no matter where the plaintiff files suit. In contrast, allowing plaintiffs to file suit in any state that has significant contacts with the dispute encourages plaintiffs to shop for the forum with the longest statute of limitations.").

{¶9} The trial court granted MJS Enterprises's motion to dismiss. It did so on two alternative grounds: (1) lack of personal jurisdiction over MJS Enterprises and/or (2) Williams's claim is barred by West Virginia's two-year statute of limitations for discrimination claims. The trial court did not address Williams's argument that MJS Enterprises waived its personal jurisdiction defense by not raising it in its motion to dismiss the amended complaint. Instead, the trial court found that it lacked personal jurisdiction over MJS Enterprises under Ohio's long-arm statute and the Due Process Clause. It also found that Williams was engaged in forum shopping because Ohio has a longer statute of limitations than West Virginia. It found alternatively, if it had personal jurisdiction, then the two-year statute of limitations applied, and Williams's amended complaint should be dismissed "for failure to comply with the applicable statute of limitations."[3]

{¶10} Williams appealed.

## II. ASSIGNMENTS OF ERROR

{¶11} Williams designates two assignments of error for review:

I. The trial court erred in dismissing the First Amended Complaint for lack of personal jurisdiction. (3/14/22 J.E. ¶ 3.)

II. The trial court erred in dismissing the First Amended Complaint for failure to state a claim upon which relief can be granted. (3/14/22 J.E. ¶ 4.)

---

[3] The trial court's decision is open to a possible second interpretation: it only dismissed the complaint against MJS Enterprises for lack of personal jurisdiction and the discussion of the statute of limitations is merely dicta. However, this interpretation raises a jurisdictional problem: Williams's claims against Beth are never separately addressed by the trial court and the entry does not contain Civ.R. 54(B) "no just reason for delay" language – the trial court's decision would not be a final appealable order. Because the docket reflects that the entire case was dismissed and terminated, including the claims against Beth, and because the parties themselves do not raise this second interpretation in their appellate briefs, we interpret the trial court's decision as finding, in the alternative, that it has personal jurisdiction over MJS Enterprises and dismissing the complaint against both defendants on statute of limitations grounds.

### III. LEGAL ANALYSIS

#### A.  Personal Jurisdiction over MJS Enterprises

#### 1. Standard of Review

**{¶12}** " 'An appellate court reviews a trial court's determination of whether personal jurisdiction over a party exists under a de novo standard of review.' " *Britton v. Britton,* 4th Dist. Washington No. 18CA10, 2019-Ohio-2179, ¶ 13, quoting *State ex rel. Athens Cty. Dept. of Job & Family Servs. v. Martin*, 4th Dist. Athens No. 07CA11, 2008-Ohio-1849, ¶ 13.

#### 2. Waiver of the Defense of Personal Jurisdiction

**{¶13}**  Williams argues that MJS Enterprises waived the defense of personal jurisdiction when it failed to raise it in its motion to dismiss the amended complaint. MJS Enterprises argues that it preserved it when it raised the defense of personal jurisdiction in its motion to dismiss the original complaint.

**{¶14}** We find that MJS Enterprises waived the defense of lack of personal jurisdiction when it failed to raise it in its motion to dismiss the amended complaint.

> It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure.

**{¶15}** *Maryhew v. Yova,* 11 Ohio St.3d 154, 156, 464 N.E.2d 538, 540 (1984). Under Civ.R. 12(G) and (H), because MJS Enterprises made a Civ.R. 12(B) motion to

dismiss in response to the first amended complaint, it had to join the Civ.R.12(B)(2)

defense of lack of personal jurisdiction in that motion or it is waived.

> Such a rule reflects a strong policy against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation, namely his service of process on the defendant and his choice of forum for the action. Unless the defendant objects on those grounds at the outset, he forfeits his right later to raise them as a defense.

*See Myers v. Am. Dental Ass'n,* 695 F.2d 716, 721 (3d Cir.1982) (discussing the rationale

for the identical Federal Rule of Civil Procedure 12(h)).

{¶16} Although MJS Enterprises raised a Civ.R. 12(B)(2) personal jurisdiction

defense in its initial motion to dismiss the original complaint, Williams filed a first amended

complaint. To remove any confusion about the effect the amended complaint had on MJS

Enterprises's original motion to dismiss, the trial court issued an entry denying its first

motion to dismiss as moot. *Everhome Mgte. Co. v. Baker*, 10th Dist. Franklin No. 10AP-

534, 2011-Ohio-3303, ¶ 25 ("A motion to dismiss an original complaint is rendered moot

by subsequent filing of an amended complaint."); *see Fried, Admr. v. Friends of*

*Breakthrough Schools*, 8th Dist. Cuyahoga No. 108766, 2020-Ohio-4215, ¶ 12 (it is "the

rare case" in which an amended complaint is insufficient to moot the motion to dismiss).

Not only does the amended complaint moot the motion to dismiss, it affords the defendant

an opportunity to make a new motion to dismiss and re-raise previous defenses or raise

new ones.

> It is well settled that an amended pleading supersedes the original pleading. * * * 75 Ohio Jurisprudence Pleading, 343, Section 469 (" 'it is hornbook law that an amended pleading supersedes the original, the latter being [treated] thereafter as nonexistent' "). Therefore, an amended pleading opens the door for defending parties to raise new affirmative defenses. (Citations omitted.)

*Morris v. Morris,* 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928, ¶ 32 (10th Dist.). Thus, after Williams filed his first amended complaint, MJS Enterprises had a "fresh start" and could raise any Civ.R. 12(B) defenses. However, Civ.R. 12(G) and (H) applied to MJS Enterprises's motion to dismiss the amended complaint just as they did to its motion to dismiss the original complaint: failure to raise a Civ.R. 12(B)(2) defense in the motion to dismiss the amended complaint waived it. *Emekekwue v. Offor*, Civ.No.: 1:11-CV-01747, 2012 WL 5249414, *4 (M.D. Penn. Oct. 24, 2012) (where defendant raises a 12(b)(2) defense of lack of personal jurisdiction in initial motion to dismiss, plaintiff then files an amended complaint, and defendant files motion to dismiss amended complaint without re-raising her defense of lack of personal jurisdiction, she waived her right to assert the defense under F.R.C.P. 12(g) and (h)).

**{¶17}** Because MJS Enterprises waived the defense of lack of personal jurisdiction, the trial court erred in dismissing the case against it on that ground. *WBCMT 2007-C33 Office 7870, LLC v. Breakwater Equity Partners, LLC*, 2019-Ohio-3935, 133 N.E.3d 607, ¶ 41 (1st Dist.) ("And it is well-settled that personal jurisdiction should not be raised sua sponte when the parties have waived the point").

**{¶18}**  We sustain Williams's first assignment of error.

### B. Dismissal Based on West Virginia Statute of Limitations

**{¶19}** Williams contends that the trial court erred when it granted, in the alternative, MJS Enterprises's Civ.R. 12(B)(6) motion to dismiss the amended complaint as barred by the West Virginia statute of limitations. The trial court determined,

alternatively, that it had personal jurisdiction over MJS Enterprises and Williams's claims were barred by the West Virginia Human Rights Act's two-year statute of limitation.[4]

### 1. Standard of Review

{¶20} We review dismissals pursuant to Civ.R. 12(B)(6) de novo, presume the truth of all material factual allegations in the complaint, and make all reasonable inferences in Williams's favor. *State ex rel. Yost v. Rover Pipeline, L.L.C.*, 167 Ohio St.3d 223, 2022-Ohio-766, 191 N.E.3d 421, ¶ 6. " 'In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.' " *Id.* at ¶ 18, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12.

### 2. Legal Analysis

{¶21} After MJS Enterprises filed its motion to dismiss the amended complaint, the trial court established a briefing schedule and set a non-oral hearing on the motion for September 3, 2021. The trial court held a case management conference in November 2021. After the conference, the trial court issued an entry stating that the conference was held, counsel for the parties attended, and the non-oral hearing on the motion to dismiss previously set for September 3, 2021 was continued to February 1, 2022. There was no additional information contained in the entry; it did not notify the parties that it was

---

[4] If we interpret the trial court's decision as determining *both* that it lacked personal jurisdiction over the defendant *and* that the plaintiff's claims were barred by the statute of limitations, the portion of the decision determining the statute of limitations issue would be void. *See, e.g., Malone v. Berry*, 174 Ohio App.3d 122, 2007-Ohio-6501, 881 N.E.2d 283, ¶ 10 (10th Dist.) ("A judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void").

converting the motion to dismiss into a summary judgment motion or set additional briefing deadlines. In the week following the conference, MJS Enterprises served interrogatories, document production requests, and requests for admissions on Williams that were focused on Williams's allegations that he worked in Washington County, Ohio and that the material events occurred in Washington County, Ohio.

**{¶22}** On January 31, 2022, one day before the extended non-oral hearing date, MJS Enterprises filed a "supplemental memorandum to its motion to dismiss (or alternatively motion for summary judgment)." MJS Enterprises identified the supplemental memorandum as "alternatively in support of a motion for summary judgment if converted by this Court per Rule 12 of the Ohio Civil Procedure from a motion to dismiss to one for summary judgment." It attached an affidavit from the President of MJS Enterprises, in which he explained that Williams was employed in West Virginia, received paychecks from a West Virginia corporation, received his work assignments in MJS Enterprises's office in Parkersburg, West Virginia, picked up in Parkersburg and returned to Parkersburg the vehicle he drove for his assignments, and the termination he alleged occurred would have occurred in Parkersburg, West Virginia. MJS Enterprises also included Williams's responses to interrogatories in which Williams stated he could not remember the specific times he worked in Washington County, Ohio, and did not have witnesses or documentation of it, but he identified three locations in Washington County (one in Belpre and two in Marietta) where he either picked up or dropped off a client or clients. These facts, which were beyond the scope of the amended complaint, were cited by MJS Enterprises in support of its argument that, under Ohio's borrowing statute, the cause of action for employment discrimination accrued in West Virginia where Williams

was employed. The only facts alleged in the complaint concerning where the alleged employment discrimination accrued was Williams's broad allegation, "All of the material events alleged in this Complaint occurred in Washington County, Ohio."

{¶23} Williams did not submit a response. However, MJS Enterprises's certificate of service on its supplemental memorandum (or alternatively its summary judgment motion) stated that it was served by the United States Postal Service regular mail on January 31, 2022. Because the non-oral hearing date was the following day on February 1, 2022, Williams would not have had sufficient time to respond prior to the non-oral hearing date.

{¶24} The trial court issued its decision and judgment entry in March 2022. In the decision, the trial court references facts outside the amended complaint, which were included in affidavits and discovery responses. For example, the trial court noted the fact that Williams "only had incidental contact with Ohio as a MJS employee when he made a few 'runs' into Ohio." This appears to be a reference to the three, isolated incidents Williams identified in an interrogatory. The trial court determined that the employment discrimination accrued in West Virginia and therefore, under Ohio's borrowing statute, the West Virginia Human Rights Act two-year statute of limitations applied and barred Williams's claim.

{¶25} Because the statute of limitations is an affirmative defense it can only be raised in a Civ.R. 12(B)(6) motion where it is clear from the face of the complaint that the action is barred.

> A clear distinction exists in the Civil Rules between the affirmative defense of the bar of the statute of limitations pursuant to Civ.R. 8(C), and a Civ.R. 12(B)(6) defense. The purpose behind the allowance of a Civ.R. 12(B) motion to dismiss based upon the statute of limitations is to avoid the

unnecessary delay involved in raising the bar of the statute in a responsive pleading when it is clear on the face of a complaint that the cause of action is barred. The allowance of a Civ.R. 12(B) motion serves merely as a method for expeditiously raising the statute of limitations defense.

*Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 59–60, 320 N.E.2d 668, 671 (1974); *Schmitz v. Natl. Collegiate Athletic Assn.*, 155 Ohio St.3d 389, 2018-Ohio-4391, 122 N.E.3d 80, ¶ 41 (Kennedy, J., concurring in part and concurring in judgment only in part) ("Ohio's appellate courts have long recognized the difficulty of successfully asserting an affirmative defense in a Civ.R. 12(B)(6) motion to dismiss. 'Because affirmative defenses typically rely on matters outside the complaint, they normally cannot be raised successfully in a Civ.R. 12(B)(6) motion.' "); *Savoy v. Univ. of Akron*, 10th Dist. Franklin No. 11AP-183, 2012-Ohio-1962, ¶ 6-7 ("the better procedure is to address affirmative defenses by way of a motion for summary judgment that will allow introduction of additional facts beyond the complaint"). "Affirmative defenses such as the statute of limitations are generally not properly raised in a Civ.R. 12(B)(6) motion because they usually require reference to materials outside the complaint." *Steiner v. Steiner*, 85 Ohio App.3d 513, 518, 620 N.E.2d 152, 156 (4th Dist. 1993). "Only where the complaint demonstrates conclusively on its face that the action is time-barred should a Civ.R. 12(B)(6) motion to dismiss based upon the statute of limitations be granted." *Swanson v. Boy Scouts of Am.*, 4th Dist. No. 07CA663, 2008-Ohio-1692, ¶ 6.

**{¶26}** Here it is evident from its references to factual matters contained within MJS Enterprises's affidavit and discovery evidence that the trial court converted the Civ.R. 12(B)(6) motion into a motion for summary judgment without giving proper notice.

When a trial court considers a Civ.R. 12(B)(6) motion to dismiss, it * * * "cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion." When a party presents evidence outside the pleadings, the trial court bears the "responsibility either to disregard [the]

extraneous material or to convert [the] motion to dismiss into a motion for summary judgment * * *." If the court converts the motion to dismiss to one for summary judgment, the court must give the parties notice and a reasonable opportunity to present all of the available evidence that Civ.R. 56(C) permits. Civ.R. 12(B). As our sister district aptly explained in *Powell v. Vorys, Sater, Seymour & Pease*, 131 Ohio App.3d 681, 684–685, 723 N.E.2d 596 (10th Dist.1998):

> When a motion to dismiss presents matters outside the pleadings, the trial court may either exclude the extraneous matter from its consideration or treat the motion as one for summary judgment and dispose of it pursuant to Civ.R. 56. However, a trial court may not, on its own motion, convert a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment and thus dispose of it without giving notice to the parties of its intent to do so and fully complying with Civ.R. 12(B) and Civ.R. 56 in its considerations. Civ.R. 12(B); *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716. * * * * Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788, 791.

(Citations omitted.) (Brackets sic.) *Lang v. Enervest Energy Institutional Fund XI A LP*, 2016-Ohio-4844, 68 N.E.3d 179, ¶ 31 (4th Dist.). There is nothing in the record notifying the parties that the trial court was converting MJS Enterprises's motion to dismiss to a summary judgment motion.

{¶27} This case involves a statute of limitations analysis that invokes questions of fact that "go beyond the scope of the bare dates set forth in the complaint." *Savoy v. Univ. of Akron*, 10th Dist. Franklin No. 11AP-183, 2012-Ohio-1962, ¶ 6 (discussing how various tolling provisions that affect the statute of limitation can require an analysis of facts beyond those in the complaint). "Because of this, the question of whether a complaint, on its face, 'conclusively' fails as time-barred often requires more than mere reference to the overlong interval between the injury and commencement of the action." *Id.*

{¶28} Although the face of the complaint contained an allegation that the employment discrimination occurred on September 25, 2017 when Williams was allegedly discharged, MJS Enterprises's contention that the cause of action accrued in West Virginia could not be determined from the face of the complaint. Ohio's borrowing statute, R.C. 2305.03(B), in effect at the time the action was brought provides:

> (B) No civil action that is based upon a cause of action that accrued in any other state * * * may be commenced and maintained in this state if the period of limitation that applies to that action under the laws of that other state * * * has expired or the period of limitation that applies to that action under the law of this state has expired.

Thus, to determine whether West Virginia's two-year statute of limitation applies, the trial court must consider facts that establish where the cause of action accrued, which are not fully set out in Williams's complaint.

{¶29} Factual matters provided in the evidence submitted by MJS Enterprises should have been considered only after the trial court notified the parties that it was converting the motion to dismiss to a summary judgment motion and provided the parties with an opportunity to present the pertinent Civ.R. 56(C) materials.

> Under Civ.R. 12(B) and 56(C), a court must notify all parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. Civ.R. 56(C) ("The motion shall be served at least fourteen days before the time fixed for hearing."). " 'The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters [that] may become relevant only in the summary judgment, and not the dismissal, context.' " The surprised party is generally the nonmoving party. (Citations omitted.)

*State ex rel. The V Cos. v. Marshall,* 81 Ohio St.3d 467, 470–71, 692 N.E.2d 198, 202 (1998).

{¶30} A trial court's failure to give notice is harmless error if the nonmoving party had a sufficient opportunity to respond. *Goodwin v. T.J. Schimmoeller Trucking*, 3rd Dist.

Wyandot No. 16-07-08, 2008-Ohio-163, ¶ 11, citing *State ex rel. The V Cos.*, at 472.

Where it is clear from the record that both parties submitted additional evidence and the

nonmoving party had sufficient opportunity to respond, the trial court's failure to give

notice may be harmless error. *Id.; My Father's House No. 1 v. McCardle*, 2013-Ohio-420,

986 N.E.2d 1081, ¶ 16 (3d Dist.) (parties submitted pre-hearing briefs, submitted

evidence during a two-day hearing, and submitted post-hearing briefs).

> [A] trial court's error in considering a Civ.R. 12(B)(6) motion as a summary
> judgment motion generally does not affect the parties' substantial rights,
> and is therefore harmless, when (1) both parties rely on evidence outside
> the complaint, (2) the non-moving party had sufficient notice and opportunity
> to respond, and (3) no prejudice results. (Citations omitted.)

*Rice v. Lewis,* 4th Dist. Scioto No. 13CA3551, 2013-Ohio-5890, ¶16.

{¶31} Based on the record, we cannot say that the error was harmless. There

was nothing in the trial court's case management conference entry from November 2021

that notified the parties that the motion to dismiss would be converted to a summary

judgment motion. The trial court did not hold an evidentiary hearing. Williams was not

notified that he could submit Civ.R. 56(C) material beyond the face of the complaint, he

did not do so, and he had insufficient time prior to the non-oral hearing date to respond

to MJS Enterprises's submissions. Had Williams wished to submit additional evidence, it

is not clear he had sufficient time to do so. The trial court issued a decision promptly after

the hearing date which resulted in prejudicial results to Williams because it dismissed his

action.

{¶32} By considering additional evidence beyond that contained in the amended

complaint, the trial court erred. It should have either excluded the evidence or converted

the motion to dismiss to a motion for summary judgment as required by Civ.R. 12(B).

Accordingly, we hold that the trial court improperly dismissed the case and we reverse

the trial court's judgment. *See Rose v. Cochran*, 4th Dist. Ross No. 11CA3243, 2012-Ohio-1729, ¶ 13 (sua sponte reversed the trial court's grant of motion to dismiss because it failed to convert the motion to dismiss to a motion for summary judgment).

**{¶33}** We decline to address the substantive merits of Williams's second assignment of error because we sustain it on other procedural grounds.

IV. CONCLUSION

**{¶34}** We sustain Williams's first assignment of error, sustain on other grounds his second assignment of error, and remand for further proceedings consistent herewith.

JUDGMENT REVERSED.
CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED, CAUSE REMANDED and that appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
      Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**